**Henry and Carolyn GAFFNY, et al.**

v.

**Janice REID, et al.**

Supreme Judicial Court of Maine.

Submitted on briefs June 17, 1993.

Decided July 14, 1993.

Richard W. Salewski, Damariscotta, for plaintiffs.

Ervin D. Snyder, Wiscasset, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Plaintiffs, Henry and Carolyn Gaffny and eight other owners of condominiums in the Heron Cove Association, appeal a judgment by the Superior Court (Lincoln County, *McKinley, A.R.J.*) denying their request for an injunction ordering defendant Janice Reid [1] to remove her newly constructed cottage from the Association's common area and denying damages claimed as a result of the construction.

Defendant Janice Reid and plaintiffs own condominiums in a development created under 33 M.R.S.A. §§ 560–587 (1988) along the shore of the Pemaquid River in Bristol. The development consists of 15 cottages and certain other structures. Each individual owner possesses title to his or her cottage, the cottage's foundation, and the land on which the cottage rests. The remaining land and structures are a common area in which each cottage owner has an undivided interest. Portions of the common area surrounding the individual cottages are designated as limited common areas that the owners of those particular cottages have the exclusive license to use subject to the Association's bylaws and its rules and regulations. The bylaws permit the Board of Directors, at the direction of owners constituting two-thirds of the votes, to adopt rules and regulations to maintain, conserve, and beautify the property and for the health, comfort, safety, and general welfare of the owners. The Board of Directors, however, had not adopted any

---

1. The Heron Cove Association also is a defendant in this action as a party in interest.

rules or regulations pursuant to the by-laws.

The bylaws provide that nothing may be altered or constructed in the common areas, nor may any unit be enlarged, except by written consent of the Board of Directors. The bylaws specify that failure to comply is grounds for an action for injunctive relief or damages maintainable by the manager, the Board of Directors, or by an aggrieved unit owner. Over the years, owners have submitted requests for permission to alter or enlarge their cottages. The Board of Directors did not act on the requests, but owners in the Association voted at meetings to permit the project in each instance. The alterations subsequently made differed in some cases from those "approved" at the meetings.

During a period in 1988 and 1989, defendant demolished her existing cottage and constructed a new cottage that extended into the limited common area by approximately two feet. She initially planned to improve and slightly expand her existing cottage. She informed fellow owners of her proposal by mail and enclosed postcards by which they could comment. She received about six postcards in response, none of which contained negative comments. The minutes of a meeting of owners shows that the owners approved some encroachment onto the limited common area to allow the cottage to be squared off provided that she not build onto the back side or on the side facing the Gaffny cottage. After changing her plan to one of demolishing and replacing the cottage, she informed the president of the Association of her new proposal and received his approval to replace the cottage with one approximately the same size. The new cottage, however, was constructed about two feet further south and two feet further east. Defendant testified that she adjusted the location of the cottage in part because of a zoning requirement and assumed the Association would acquiesce in the change.

Plaintiffs Henry Gaffny and Carolyn Gaffny brought an action seeking damages and an injunction to require defendant to remove the structure. Eight other owners were permitted to intervene as plaintiffs.

After a non-jury trial, the court found that plaintiffs had not shown that they were irreparably injured by defendant's actions. The court found that the condominium property in its entirety was improved as a result of defendant's actions, that defendant did not act maliciously in locating her cottage without obtaining the Association's approval, and that defendant would have been hard-pressed to ascertain what procedure to follow to obtain approval in light of past practice. The court rejected defendant's affirmative defenses of waiver and estoppel, but determined that removing the structure imposed a greater harm than any possible harm to plaintiffs and denied plaintiffs' request both for injunctive relief and for damages.

■ Plaintiffs argue that the court erred by not ordering defendant to remove her cottage from the limited common area because its construction constituted a taking of their property rights, irreparably injuring plaintiffs. Because the court's denial of the injunction involved an exercise of judicial discretion, we review for abuse of discretion or error of law. *Higgins v. Higgins*, 370 A.2d 670, 674 (Me.1977).

■ Defendant's license to exclusively use the limited common area adjacent to her cottage is analogous to an exclusive easement. *See* Robert G. Natelson, Law of Property Owners Associations § 15.1, at 591 (1989). The scope of defendant's exclusive use, however, is subject to the power of approval by plaintiffs, as properly exercised through the Association's bylaws and its Board of Directors. This right to determine the scope of defendant's easement is one of plaintiffs' property rights as tenants in common. By defendant's constructing her cottage in the limited common area, defendant violated a property right of plaintiffs. The court consequently erred in finding that plaintiffs were not irreparably injured by defendant.

■ Despite the irreparable injury resulting from such an encroachment, a court acting in equity may refuse to grant a

mandatory injunction when the effect of the encroachment is negligible compared to the cost of correcting it. *See* Andrew M. Horton and Peggy L. McGehee, Maine Civil Remedies § 5.3–2 (1991) (citing *Town of Shapleigh v. Shikles*, 427 A.2d 460, 464 (Me.1981)). In weighing the equities of requiring removal of defendant's cottage, the court assumed arguendo that plaintiffs suffered some injury but found that the value of the property in its entirety had been improved and that the benefits to plaintiffs from removing the cottage would be minimal or nonexistent. The court also had evidence of a history of non-exercise of plaintiffs' control over limited common areas during which owners of units expanded their cottages into limited common areas without the approval specified by the by-laws and without being subject to any rules or regulations. On these facts, the court did not abuse its discretion in refusing plaintiffs' request to compel defendant to remove her cottage from the limited common area.

The court's denial of plaintiffs' request for damages stemmed from the erroneous conclusion that there was no injury. Some damage is presumed to flow from a legal injury to a real property right. *James Fitzpatrick v. Boston and Maine R.R.*, 84 Me. 33, 41, 24 A. 432 (1891). The court found that, if plaintiffs were entitled to recover damages as a matter of law, the damages shown would be nominal. Finding no clear error in the court's rejection of defendants' affirmative defenses of waiver and estoppel on these facts, we conclude that plaintiffs are entitled to nominal damages.

The entry is:

Judgment modified to award plaintiffs $100 in nominal damages, and as so modified, affirmed.

All concurring.