STATE OF MAINE                                SUPERIOR COURT
                                              CIVIL ACTION
KENNEBEC, ss.                                 DOCKET NO. RE-08-01


KNAUER FAMILY LIMITED
PARTNERSHIP,

        Plaintiff

        v.                                    **DECISION**

MATHEW DELISLE,

        Defendant


Before the court is the plaintiff's complaint alleging trespass (count I) and declaratory judgment (count II). The defendant filed an answer and a counterclaim asking for declaratory judgment (count I- boundary by acquiescence) and declaratory judgment (count II- boundary by estoppel).

A nonjury trial was held in Superior Court on September 3, 2008.

Facts

The plaintiff is the owner of a lot with buildings thereon located on Great Pond, Rome, Maine. The plaintiff's lot is identified as lot 7 on the subdivision recorded as the Crane Subdivision. George Knauer, Jr. obtained lot 7 from Paris Mosher in 1961 (Warranty Deed, Book 1231, Page 278).

The defendant's father purchased lots 4, 5 and 6 of said Crane Subdivision in 1964. In 1999, the defendant's father conveyed lot 6 to him. (Warranty Deed, Book 6043, Page 240). Between 1996 and 1999, the defendant constructed a summer camp on said property. He did give notice to George Knauer that he would build a summer cabin. The defendant never had a survey done and relied upon an anchor bolt in the southeast corner of the lot and an iron pipe located on the shoreline of Great Pond in

determining where the boundary line was located. The defendant cut some trees and built his cabin using the line between the anchor bolt and the iron pin on the lake as the boundary line. George Knauer's son, Ed, observed the construction and discussed the matter with his father. The elder Knauer indicated to his son that he had talked with the defendant and was assured by the defendant that everything was in order. Neither George Knauer nor his son Ed Knauer were exactly aware of where the boundary line was. Ed Knauer indicated that he never noticed the anchor bolt but did notice the construction that was being done and the trees that were cleared along the boundary line that the defendant considered the boundary line.

The defendant indicated that he had a conversation with George Knauer who indicated to him in the summer of 2000 that the defendant was doing a great job.

In 2002, the defendant put a foundation under his residence and made it year round. In 2002, he added an attached garage to the residence. Lots 6 and 7 are heavily wooded and there is a distance of 200 feet between the plaintiff and defendant's residences.

In 2006, a survey was conducted on the Delisle property, and said survey was for the purpose other than determining the boundary line between defendant's lot 6 and defendant's lot 7. As a result of that survey, the defendant was informed that his house may have been built over the Knauer's boundary line. The defendant informed the plaintiff of the boundary line problem. As a result of that problem, the plaintiff brought suit against the defendant.

Robert Knowlton, a surveyor, conducted a survey. (Plaintiff's Ex. 1). His survey relied upon the Crane Subdivision plan (Plaintiff's Ex. 2). The original plan called for six uniform lots of 100 by 200 feet. Lot 7 was a remainder lot containing approximately 300 feet on the eastern back and 340 on the shoreline. Knowlton's survey found that the

defendant's house was built right on the boundary line with approximately 80% of his house on Knauer's property. The survey also disclosed that the plaintiff had 154 feet extra on his eastern boundary than that set out in the deed that he received; the survey showed that he had 454 feet on his eastern back line instead of the 300 feet set out in the original subdivision plan and his deed.

On the shoreline, Knowlton's survey demonstrated that the plaintiff had 406 feet on the shoreline, 66 more feet than was set out on his deed and on the original Crane Survey.

Robert Yarumian conducted a survey for the defendant. He did not agree with the Knowlton survey due to discrepancies he found in the location and angles of the line. However, he did find that the boundary line still went through the defendant's house but at a different angle.

Discussion

Both parties have asked for declaratory judgment setting the proper boundary line between the parties. The defendant has asked this court to find that the boundary lines he relied upon are the true boundary lines relying on the concepts of either boundary by acquiescence or boundary by estoppel.

After considering the evidence, this court finds that the survey conducted by Robert Knowlton and which is contained in plaintiff's exhibit 1 represents an accurate indication of the true boundary lines between lots 6 and 7. His explanation of the relationship between the original Crane Subdivision, the original Crane Survey, and the present configuration of the lots makes complete sense. His opinion is well documented and is based upon prior deeds, prior surveys, and his examination of the land in question.

The court finds that his survey establishes the true boundary line between the defendant's property lot 6 and the plaintiff's property lot 7.

Boundary by Acquiescence

Notwithstanding the boundary line as established by this survey as the true boundary line, the court must next address whether the concept of boundary by acquiescence demands a boundary line other than the line established by the survey. To establish a boundary by acquiescence the moving party must prove four things:

(1)     possession up to a visible line marked clearly by monuments, fences, or the like;

(2)     actual or constructive notice to the adjoining landowner of the possession;

(3)     conduct by the adjoining landowner from which recognition and acquiescence not induced by fraud or mistake may be fairly inferred; and

(4)     acquiescence for a long period of years such that the policy behind the doctrine is well served by recognizing the boundary.

*Calthorpe v. Abrahamson*, 441 A.2d 284 (Me. 1982).

The court finds and concludes that element 1 has been proven. The boundary line used by the defendant was a clear line from an anchor bolt to an iron pin on the shoreline. Further, the defendant cleared some trees up to said line so to an observer it was a visible line marked by monuments.

The court also finds that element 2 has been proved. The plaintiff did have actual notice of the boundary line that the defendant was relying upon. Ed Knauer, son of the owner of the property at the time of this construction, indicated that he questioned the location of the construction and the boundary line. He testified that he discussed this was his father and that his father responded that he knew that the

boundary line was okay because he had talked to the defendant and was sure everything was okay. This shows that they did have notice of the boundary line.

The third element raises some serious question as to whether George Knauer was induced by mistake. The court finds that there was no fraud in that the defendant was acting in good faith and did believe that the boundary line ran between the anchor bolt and the iron pin on the shoreline. Whether he was negligent in not securing a survey before building his house is not an issue in this matter. However, the court does find that not only was the defendant operating pursuant to a mistake but he induced the adjoining landowner, George Knauer, by this mistaken belief of the location of the boundary line. Both parties were operating pursuant to a mistaken belief as to the true boundary line.

This third element has not been proven because George Knauer was induced by a mistake to acquiescence to the boundary.

Element 4 is proven because of the number of years coupled with the construction involved. The policy behind the doctrine of acquiescence is well served in this case because of the silence on behalf of the adjoining landowner while the construction was being done. This 4th element is akin to the concept of estoppel which is discussed in the next section. Although there are not many years involved, there was a great deal of effort and expense involved without any objection by the plaintiff.

Since the court finds that this was all induced by a mistake, the court finds that the defendant has failed to prove a boundary by acquiescence.

Boundary by Estoppel

The court does not find that the defendant has proven boundary by estoppel. Maine cases make it very clear that estoppel should be "carefully and sparingly applied." *Milliken v. Bushwell,* 313 A.2d 111, 119 (Me. 1973).

The defendant argues that estoppel is established because the plaintiff remains silent while the defendant expended resources and effort building a year-round residence. There is no question that the plaintiff's predecessor George Knauer did remain silent as the defendant built his seasonal camp, converted it to a year-round residence, and then added a garage. However, George Knauer did inquire as to the construction that was going on and the defendant assured him that everything was all right. George Knauer and the defendant relied upon this mistake and George Knauer took no further steps to investigate the boundary line. It is hard to say that George Knauer was negligent in not doing his own investigation when the defendant was also negligent in building his residence without a survey. The defendant has failed to prove boundary by estoppel.

Laches

For the same reason stated above, the court finds that the defendant has failed to prove laches on the part of the defendant in bringing this action. For the very same reason that no objection was made at the time, George Knauer was induced by the defendant's assurance that everything was okay.

Remedies

The plaintiff is asking for a mandatory injunction ordering the defendant to move his residence on to his own property as shown on Knowlton Survey, exhibit 1. The leading Maine case, *Gaffney v. Reid*, 628 A.2d 155 (Me. 1993) gives this court the principles to apply in this case.

This court finds that the defendant did encroach upon the plaintiff's property; therefore, his infringement constituted an irreparable injury. *Gaffney v. Reid*, 628 A.2d at 157.

The *Gaffney* court went on to say that notwithstanding the irreparable injury:

> A court acting in equity may refuse to grant a mandatory injunction when the effect of the encroachment is negligible compared to the cost of correcting it.

*Gaffney v. Reid*, 628 A.2d at 157-158.

Based on the defendant's testimony, the court finds that the cost of moving his residence would exceed $100,000. The court finds that this cost when compared to the effect of the encroachment upon the plaintiff's property is negligible. The court finds and concludes that the effect on the encroachment is negligible for the following reasons:

First, the 200-foot distance between the defendant and the plaintiff's residences is heavily wooded and the location of the defendant's residence no way interferes with the plaintiff's use of their property. The Knauers lived comfortably for eight years without any objection or problems and probably would have never known about the boundary problem if the defendant had not brought it to their attention.

Secondly, by looking at the photographs, it is easy to see that the defendant's cabin can barely be seen through the woods. Moving the defendant's residence 50 to 100 feet in a northerly direction would not make a significant difference to the plaintiff's use and enjoyment of their property.

Third, the plaintiff has plenty of room to expand his premises without having to expand in the direction of the defendant's residence. As a matter of fact, the plaintiff's survey and discovery of the boundary problem led to the plaintiff realizing that he had more land than he thought that he purchased the property. The Knowlton survey expanded the plaintiff's total property by a significant amount. The plaintiff's back line increased from 300 feet to 455 feet and the shoreline expanded from 340 feet to 470 feet. Although their understanding of the parameters of their property didn't change, the

amount of land was much greater than the amount set out in the deed they received when George Knauer purchased the property.

For the reasons stated above, the defendant's property being over the line by approximately 40 feet is negligible when compared to the cost of moving the defendant's residence.

Even though this court ruled that a mandatory injunction is not the proper remedy in this case, some damage is presumed to flow from a legal injury to a real property right. *Gaffney v. Reid*, 628 A.2d at 158.

The only value testified to was Ed Knauer's opinion that the strip of real estate between the boundary line established by the Knowlton survey and the defendant's mistaken boundary line was worth $40,000. This entire strip of land is approximately 200 feet(northern line) by 77 feet(eastern line) by 220 feet(southern line) and 33.78 feet along the shore. Although the defendant is claiming all of this strip of land by way of boundary by acquiescence or estoppel, the court has denied this request. The encroachment in question consists of the eastern half of this strip. The eastern half of the strip consists of the house and the driveway, and encompasses approximately one-half of the total strip.

The court hereby determines that the proper award in this case is one-half of the value of the total strip of land, which is $20,000.

Conclusion

It is hereby ORDERED that the plaintiff's count II (declaratory judgment) is GRANTED in that the plaintiff owns the property labeled as the Knauer parcel, consisting of 2.07 plus or minus acres on the boundary survey completed by Robert Knowlton. Said survey is hereby incorporated by reference and made a part hereof.

Furthermore, it is further ORDERED that the plaintiff's request for a mandatory injunction is DENIED. However, the plaintiff is awarded damages in the amount of $20,000 with interest and costs. Judgment to be entered in plaintiff''s favor on count I of the plaintiff's complaint in the amount of $20,000.

Furthermore, the defendant's counterclaim for declaratory judgment (count I- boundary by acquiescence) and declaratory judgment (count II- boundary by estoppel) are hereby DENIED. Judgment shall be entered in favor of the plaintiff on both counts of the defendant's counterclaim.

Dated: September 29, 2008

Joseph M. Jabar

Justice, Superior Court


Attorney for plaintiff

Alton Stevens

44 Elm Street

Waterville, ME


Defendant appeared *pro se*

KNAUER FAMILY LIMITED PARTNERSHIP - PLAINTIFF

Attorney for: KNAUER FAMILY LIMITED PARTNERSHIP
ALTON STEVENS  - RETAINED 01/03/2008
MARDEN DUBORD ET AL
44 ELM STREET
PO BOX 708
WATERVILLE ME 04901-0708

vs
MATTHEW DELISLE  - DEFENDANT
17 DELISLE LANE
ROME ME 04963
Attorney for: MATTHEW DELISLE
JOHN BANNON  - WITHDRAWN 08/25/2008
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-RE-2008-00001

**DOCKET RECORD**

Filing Document: COMPLAINT                     Minor Case Type: TRESPASS
Filing Date: 01/03/2008

## Docket Events:

01/03/2008 FILING DOCUMENT - COMPLAINT FILED ON 01/03/2008

01/03/2008 Party(s):  KNAUER FAMILY LIMITED PARTNERSHIP
           ATTORNEY - RETAINED ENTERED ON 01/03/2008
           Plaintiff's Attorney: ALTON STEVENS

01/03/2008 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 01/03/2008
           Plaintiff's Attorney:  ALTON STEVENS
           MAILED TO ATTY. OF RECORD.

01/03/2008 Party(s):  MATTHEW DELISLE
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/15/2007
           ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON MATTHEW DELISLE

01/03/2008 Party(s):  MATTHEW DELISLE
           RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 12/26/2007
           Defendant's Attorney: JOHN BANNON

01/03/2008 Party(s):  MATTHEW DELISLE
           ATTORNEY - RETAINED ENTERED ON 12/26/2007
           Defendant's Attorney: JOHN BANNON

01/03/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 09/03/2008

           ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 01/03/2008
           JOSEPH M JABAR , JUSTICE

01/03/2008 ORDER - SCHEDULING ORDER ENTERED ON 01/03/2008
           LISA  LA MOTHE , TECHNOLOGY SUPPORT ASSISTANT
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO

PARTIES/COUNSEL

01/03/2008  Party(s):  KNAUER FAMILY LIMITED PARTNERSHIP,MATTHEW DELISLE
            RESPONSIVE PLEADING - RESPONSE FILED ON 01/03/2008
            Plaintiff's Attorney:  ALTON STEVENS
            REPLY TO DEFENDANT'S COUNTERCLAIM .

01/04/2008  Party(s):  KNAUER FAMILY LIMITED PARTNERSHIP
            DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/03/2008
            Plaintiff's Attorney:  ALTON STEVENS
            PLAINTIFF'S INTERROGATORIES PROPOUNDED TO DEFENDANT AND PLAINTIFF'S REQUEST FOR PRODUCTION
            OF DOCUMENTS FROM DEFENDANT SERVED ON JOHN C BANNON, ESQ. ON 1/2/08

04/11/2008  Party(s):  KNAUER FAMILY LIMITED PARTNERSHIP
            MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 04/04/2008
            Plaintiff's Attorney:  ALTON STEVENS
            TO EXTEND DEADLINES TO DESIGNATE EXPERTS WITH PROPOSED ORDER.

04/16/2008  Party(s):  KNAUER FAMILY LIMITED PARTNERSHIP
            ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 04/07/2008
            MEDIATION IWTH MATTHEW DYER, DATE AND TIME ARE BEING NEGOTIATED.

04/16/2008  Party(s):  KNAUER FAMILY LIMITED PARTNERSHIP
            ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 04/09/2008
            Plaintiff's Attorney:  ALTON STEVENS
            MEDIATION WITH MATTHEW DYER ON MAY 2, 2008 AT 9:30 AM AT ONE WESTON COURT, AUGUSTA, MAINE

04/22/2008  Party(s):  KNAUER FAMILY LIMITED PARTNERSHIP
            MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/17/2008
            JOSEPH M JABAR , JUSTICE
            COPIES TO PARTIES/COUNSEL                                    IT IS HEREBY
            ORDERED THAT THE DEADLINE BY WHICH PLAINTIFF MUST DESIGNTE ITS EXPERTS IS EXTENDED TO JUNE
            3, 2008, AND THE DEADLINE BY WHICH DEFENDANT MYST DESIGNATE HIS EXPERT IS EXTENDED TO
            AUGUST 3, 2008.

05/14/2008  ORDER - REPORT OF ADR CONF/ORDER FILED ON 05/07/2008
            JOSEPH M JABAR , JUSTICE

05/14/2008  ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 05/07/2008

05/20/2008  ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 05/13/2008
            JOSEPH M JABAR , JUSTICE
            "REPORT OF ADR CONFERENCE FILED. CASE IS UNRESOLVED. ORDER/JUDGMENT ENTEREDCOPIES TO
            PARTIES/COUNSEL

08/01/2008  HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 08/06/2008 @ 1:00
            JOSEPH M JABAR , JUSTICE
            NOTICE TO PARTIES/COUNSEL

08/01/2008  Party(s):  MATTHEW DELISLE
            MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED WITH AFFIDAVIT ON 07/28/2008
            Defendant's Attorney: JOHN BANNON
            MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT, PROPOSED ORDER, AFFIDAVIT OF DEFT

08/05/2008 Party(s):  KNAUER FAMILY LIMITED PARTNERSHIP
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/01/2008
Plaintiff's Attorney:  ALTON STEVENS
PLAINTIFF'S NOTICE TO DEPOSE ROBERT A  YARUMIAN, II, PLS SERVED ON MATTHEW DELISLE ON 7/30/08.

08/07/2008 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 08/06/2008

08/07/2008 ORDER - PRETRIAL/STATUS ENTERED ON 08/06/2008
JOSEPH M JABAR , JUSTICE
"CONFERENCE ORDER FILED: CASE SET FOR TRIAL ON 9/4/08 AT 8:30 A.M.          COPIES TO PARTIES/COUNSEL

08/07/2008 TRIAL - BENCH SCHEDULED FOR 09/04/2008 @ 9:00  in Room No.  2

08/07/2008 TRIAL - BENCH NOTICE SENT ON 08/27/2008

08/19/2008 Party(s):  MATTHEW DELISLE
OTHER FILING - DESIGNATION OF EXPERT WITNESS FILED ON 07/31/2008
Defendant's Attorney: JOHN BANNON

08/27/2008 Party(s):  MATTHEW DELISLE
MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 08/25/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL

08/27/2008 Party(s):  MATTHEW DELISLE
ATTORNEY - WITHDRAWN ORDERED ON 08/25/2008
Defendant's Attorney: JOHN BANNON

09/02/2008 Party(s):  KNAUER FAMILY LIMITED PARTNERSHIP
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 08/29/2008
Plaintiff's Attorney:  ALTON STEVENS

09/02/2008 Party(s):  MATTHEW DELISLE
OTHER FILING - DESIGNATION OF EXPERT WITNESS FILED ON 08/29/2008
S/MATTHEW DELISLE

09/02/2008 Party(s):  MATTHEW DELISLE
OTHER FILING - TRIAL BRIEF FILED ON 08/29/2008
S/MATTHEW DELISLE

09/04/2008 TRIAL - BENCH HELD ON 09/04/2008
JOSEPH M JABAR , JUSTICE
Plaintiff's Attorney:  ALTON STEVENS
MATTHEW DELISLE, PRO SE OPENING REMARKS MADE TO THE COURT. TAPE 1017,1018,1051. COURT TO TAKE MATTER UNDER ADVISEMENT.

09/16/2008 Party(s):  KNAUER FAMILY LIMITED PARTNERSHIP
OTHER FILING - TRIAL BRIEF FILED ON 09/16/2008
Plaintiff's Attorney:  ALTON STEVENS
IN RESPONSE TO DEFENDANT'S TRIAL BRIEF.

09/18/2008 Party(s): MATTHEW DELISLE
OTHER FILING - TRIAL BRIEF FILED ON 09/18/2008
S/MATTHEW DELISLE, PRO SE

09/29/2008 FINDING - JUDGMENT DETERMINATION ENTERED ON 09/29/2008
JOSEPH M JABAR , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

09/29/2008 ORDER - COURT JUDGMENT ENTERED ON 09/29/2008
JOSEPH M JABAR , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL
Judgment entered for KNAUER FAMILY LIMITED PARTNERSHIP and against MATTHEW DELISLE in the
amount of $20000.00.
Judgment entered on COUNT 1 for KNAUER FAMILY LIMITED PARTNERSHIP and against MATTHEW DELISLE.
Judgment entered on COUNT 1 for KNAUER FAMILY LIMITED PARTNERSHIP and against MATTHEW DELISLE.

09/29/2008 FINDING - FINAL JUDGMENT CASE CLOSED ON 09/29/2008

09/29/2008 ORDER - COURT JUDGMENT COPY TO REPOSITORIES ON 09/29/2008

A TRUE COPY
ATTEST: _____
                    Clerk