2010 ME 39

**Stephen DARNEY et al.**

v.

**DRAGON PRODUCTS COMPANY, LLC.**

Supreme Judicial Court of Maine.

Argued: Feb. 10, 2010.
Decided: May 11, 2010.

Peter W. Culley, Esq., Eric J. Wycoff, Esq. (orally), Pierce Atwood LLP, Portland, ME, for Dragon Products Company, LLC.

Peggy L. McGehee, Esq. (orally), Perkins Thompson, P.A., Portland, ME, for Stephen and Kathy Darney.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] As authorized by 4 M.R.S. § 57 (2009) and M.R.App. P. 25, the United States District Court for the District of Maine (*Singal, J.*) certified two questions to us in this matter:

(1) "Does Maine law follow the modern theory of trespass in recognizing a cause of action for trespass based on intangible invasions by dust or vibrations?"

(2) "If so, does that cause of action require proof of actual and substantial damages?"

[¶ 2] Although we respect the United States District Court's reasons for seeking our opinion, we must respectfully exercise our discretion to decline to answer the certified questions in these circumstances, for the reasons stated below.

## I. BACKGROUND

[¶ 3] Stephen and Kathy Darney own a home in Thomaston that they purchased in 2002. Dragon Products Company, LLC, operates a cement manufacturing facility near the Darneys' residence, and it quarries limestone on property near the Darneys' home.

[¶ 4] On November 12, 2004, the Darneys filed a complaint in the Superior Court (Knox County), personally and on behalf of their children, alleging claims against Dragon for (1) common law trespass; (2) statutory trespass; (3) nuisance; (4) strict liability; (5) negligence; and (6) injunctive relief. Among other things, the Darneys alleged that Dragon's operations damaged their property by causing vibrations and the accumulation of dust. After discovery, the court (*Hjelm, J.*) granted partial summary judgment in favor of Dragon on the Darneys' claims of nuisance, strict liability, and negligence. The Darneys then filed a second complaint, alleging the same counts but asserting only claims that have arisen since the filing of their first complaint, and stipulated to the dismissal with prejudice of all claims in their first complaint.

[¶ 5] Dragon removed the Darneys' second complaint to the United States District Court for the District of Maine and moved for summary judgment based on the dismissal of the Darneys' first complaint. The federal court denied Dragon's motion because it determined that the dismissal of the first complaint did not preclude consideration of the second complaint. *See Darney v. Dragon Prods. Co., LLC*, 592 F.Supp.2d 180 (D.Me.2009).

[¶ 6] Dragon renewed its motion for summary judgment on the Darneys' nuisance, trespass, and personal injury claims. On August 6, 2009, the court entered a partial summary judgment for Dragon on the Darneys' claims for personal injuries resulting from Dragon's negligence. *Darney v. Dragon Prods. Co., LLC*, 640 F.Supp.2d 117, 123 (D.Me.2009). Among the issues decided by summary judgment, the court determined that the Darneys had failed to generate a genuine issue of material fact as to whether any of their claimed personal injuries were caused by the operations at the Dragon facility. *Id.*

[¶ 7] As to the property damage claims, the court denied summary judgment on the nuisance and trespass claims. *Id.* at 120–22, 123–26. These and the Darneys' claim for negligent damage to property remain to be determined. *Id.* at 122, 124. The court specifically concluded that there were genuine issues of material fact in dispute on the trespass claim. *Id.* at 124.

[¶ 8] In the same order, the court certified the two questions of law to us regarding the trespass claim: (1) "Does Maine law follow the modern theory of trespass

in recognizing a cause of action for trespass based on intangible invasions by dust or vibrations?" and (2) "If so, does that cause of action require proof of actual and substantial damages?" *Id.* at 126–27. The court determined that certification was proper because adoption of what it characterized as the "modern" theory of trespass [1] could modify the common law of Maine, and the determination of the law would "ultimately determine the viability of the Darneys' trespass claims." *Id* at 126.

## II. DISCUSSION

[¶ 9] Title 4 M.R.S. § 57 and M.R.App. P. 25(a) authorize a federal court to certify a question for our consideration.[2] " 'Consideration of the merits of certified questions is not automatic,' " however. *Brown v. Crown Equip. Corp.*, 2008 ME 186, ¶ 12, 960 A.2d 1188, 1192 (quoting Alexander, *Maine Appellate Practice* § 25.1 at 176 (2008)).

[¶ 10] We may, in our discretion, answer a certified question if "(1) there is no dispute as to the material facts at issue; (2) there is no clear controlling precedent; and (3) our answer, in at least one alternative, would be determinative of the case." *Id; see Me. Green Party v. Sec'y of State*, 1997 ME 175, ¶ 2, 698 A.2d 516, 517. If material facts are either in dispute or not before us, we may decline to answer a certified question. *See Jackson Brook Inst., Inc. v. Me. Ins. Guar. Ass'n*,

2004 ME 140, ¶ 1, 861 A.2d 652, 654; *cf. Brown*, 2008 ME 186, ¶ 13, 960 A.2d at 1192 ("Because the United States District Court held a trial, and a jury rendered its verdict in this case, there are no issues of material fact in dispute.").

[¶ 11] In the matter before us, the United States District Court denied summary judgment on the Darneys' trespass claim because it concluded that facts were in dispute. No trial has been conducted, and the parties have not stipulated to the facts. The court has determined that the Darneys failed to prove causation for their claimed personal injuries, but there is no finding or stipulation as to whether any property damages are "actual and substantial" as referenced in the court's question.

[¶ 12] Because factual disputes remain to be resolved through trial, the court could not state all facts necessary for disposition in this matter. *See* M.R.App. P. 25(b) (requiring a certificate to provide "a statement of facts showing the nature of the case and the circumstances out of which the question of law arises"); *cf. N. River Ins. Co. v. Snyder*, 2002 ME 146, ¶¶ 7–10, 804 A.2d 399, 401–02 (answering a certified question when the resolution of factual questions was not required to resolve the legal issue presented); *Dasha v. Me. Med. Ctr.*, 665 A.2d 993, 994–95 (Me. 1995) (answering a certified question based on court's statement of undisputed facts

---

1. *See, e.g., Bradley v. Am. Smelting & Ref. Co.*, 104 Wash.2d 677, 709 P.2d 782, 786–90 (1985).

2. Rule 25(a) states in relevant part:
   When it shall appear ... to any of the ... District Courts of the United States that there are involved in any proceeding before it one or more questions of law of this State which may be determinative of the cause and that there are no clear controlling precedents in the decisions of the Supreme Judicial Court, such federal court may, upon its own motion or upon request of any interested party, certify such questions of law of this State to the Supreme Judicial Court sitting as the Law Court, for instructions concerning such questions of state law.
   Title 4 M.R.S. § 57 (2009) states that, upon receipt of a certified question, we "may, by written opinion, answer."

derived from the summary judgment record).

[¶ 13] Notwithstanding the unresolved factual issues, we have been asked to address the jurisprudence from other jurisdictions regarding trespass claims arising from vibrations or particulate interference with property use. *See, e.g., Bradley v. Am. Smelting & Ref. Co.*, 104 Wash.2d 677, 709 P.2d 782, 786–90 (1985). In its certified questions, the United States District Court referred to what is characterized by some courts as a "modern" view of trespass pursuant to which a trespass claim may be allowed for vibrations or particulate invasions that were once considered indirect and only actionable as nuisances. *See Borland v. Sanders Lead Co.*, 369 So.2d 523, 529–30 (Ala.1979) (describing the "modern theory of trespass"). This "modern" theory of trespass, however, is still evolving in jurisdictions that have considered it, based on factual distinctions between cases. *See, e.g., John Larkin, Inc. v. Marceau*, 184 Vt. 207, 959 A.2d 551, 555 (2008) (leaving open "the question of whether the intrusion of airborne particulates may ever be a trespass, and, if so, what impact is required to sustain such an action").

[¶ 14] To date, this alternative to the traditional common law elements of trespass has not emerged as the majority approach, and those jurisdictions that have adopted this theory have generally required proof of damage to the invaded property, *see, e.g., Pub. Serv. Co. of Colo. v. Van Wyk*, 27 P.3d 377, 390 (Colo.2001), an element that is not required to establish a traditional common law trespass in Maine, *see Medeika v. Watts*, 2008 ME 163, ¶ 5, 957 A.2d 980, 982. Courts that have rejected the "modern" theory of trespass have cautioned that the new trespass action, with its engrafted requirement of damages, resembles an action for nuisance. *See Adams v. Cleveland–Cliffs Iron Co.*, 237 Mich.App. 51, 602 N.W.2d 215, 220–22 (1999).[3] Thus, this is an area of tort law that remains in evolution.

[¶ 15] Adding to the evolving jurisprudence related to the trespass issues in this case, after the United States District Court certified its questions to us, we issued an opinion clarifying aspects of the law relating to recovery of damages for blasting that may affect the pending case. *See Dyer v. Me. Drilling & Blasting, Inc.*, 2009 ME 126, ¶¶ 33–35, 984 A.2d 210, 219–20. In *Dyer*, and in an earlier case, *Cratty v. Samuel Aceto & Co.*, 151 Me. 126, 131, 116 A.2d 623, 626–27 (1955), we held that expert testimony is not required to establish that blasting damaged nearby property if circumstantial evidence of negligence and the resulting harm could support a finding of causation. *Dyer*, 2009 ME 126, ¶¶ 33–35, 984 A.2d at 220. Again, the facts have not been established regarding the Darneys' property damage claims, and we cannot determine what effect, if any, this alternative theory of harm will have on the Darneys' claims.[4]

■ [¶ 16] Because the evolving law governing trespass, negligence, and nuisance claims depends on factual distinctions, and because the facts in this matter have not been established, we decline to

---

3. Nuisance claims require proof of a substantial, unreasonable interference with the use and enjoyment of land. *See Charlton v. Town of Oxford*, 2001 ME 104, ¶ 36 & n. 10, 774 A.2d 366, 377. If a person establishes the elements of a traditional common law trespass claim, however, damages need not be proved. *See Medeika v. Watts*, 2008 ME 163, ¶ 5, 957 A.2d 980, 982.

4. *Cf. Darney v. Dragon Prods. Co., LLC*, 266 F.R.D. 23 (D.Me.2010) (granting the Darneys leave to amend their complaint based on the *Dyer* case, 2009 ME 126, 984 A.2d 210).

answer the certified questions. In the absence of established facts, we would be issuing an advisory opinion that might not fully dispose of the Darneys' trespass claim. The facts remain in dispute, and because we cannot be certain that our opinion on these questions, "in at least one alternative, would be determinative of the case," we exercise our discretion to decline to answer the certified questions. *Brown,* 2008 ME 186, ¶ 12, 960 A.2d at 1192.

[¶ 17] We respectfully decline to address the evolving "modern" theory of trespass and do not answer the questions certified to us in this matter.

The entry is:

Certified questions returned to the United States District Court without answers for the reasons stated in this opinion.