MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2013 ME 14
Docket:        Fed-12-60
Argued:        September 13, 2012
Decided:       January 29, 2013

Panel:         SAUFLEY, C.J., and LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.
Majority:      SAUFLEY, C.J., and LEVY, SILVER, MEAD, and GORMAN, JJ.
Dissent:       JABAR, J.


MICHAEL FORTIN

v.

JACOB TITCOMB


GORMAN, J.

[¶1]   Pursuant to 4 M.R.S. § 57 (2012) and M.R. App. P. 25, the United

States Court of Appeals for the First Circuit (*Lipez, J.*) has certified two questions

of state law for our review: (1) "Where an insurance policy is available to cover a

judgment against a government employee sued in his personal capacity, is the

applicable limit on the award of damages set by [14 M.R.S.] § 8104-D ($10,000)

or by the combination of [14 M.R.S.] §§ 8105(1) and 8116 ($400,000 or the policy

limit)?" and (2) "In light of the competing state interests described, which

interpretive principles should be applied to construe an insurance policy, procured

by a governmental body to cover itself or its employees for MTCA damages

liability, that contains an ambiguity affecting the scope of coverage?"  We answer

the first certified question as follows: "Whether or not an insurance policy is

available to cover a judgment against a government employee sued in his personal capacity, the applicable limit on the award of damages is $10,000 pursuant to 14 M.R.S. § 8104-D." We decline to answer the second certified question.

## I. BACKGROUND

[¶2] In 2009, Michael Fortin filed an action in the United States District Court for the District of Maine against Jacob Titcomb, a Wells police officer, asserting federal and state claims stemming from Titcomb's alleged use of force in arresting Fortin in 2007. A jury found Titcomb liable on Fortin's state law negligence claim and awarded Fortin $125,000 in damages. On Titcomb's motion, the District Court amended the judgment to reduce the damages award to $10,000 pursuant to 14 M.R.S. § 8104-D (2012). Fortin appealed to the United States Court of Appeals for the First Circuit. The Court of Appeals then certified these two questions for our review. 4 M.R.S. § 57; M.R. App. P. 25.

## II. DISCUSSION

[¶3] Title 4 M.R.S. § 57 authorizes, but does not require, us to consider a certified question of state law posed by a federal court in certain circumstances. *See* M.R. App. P. 25(a); *Darney v. Dragon Prods. Co., LLC*, 2010 ME 39, ¶ 9, 994 A.2d 804. "We may, in our discretion, answer a certified question if (1) there is no dispute as to the material facts at issue; (2) there is no clear controlling

precedent; and (3) our answer, in at least one alternative, would be determinative of the case." *Id.* ¶ 10 (quotation marks omitted).

[¶4]  In the instant matter, there are no material facts in dispute given that a jury has already rendered its verdict. *See id.*  We also agree that there is no clear controlling precedent on point because we have never been called upon to reconcile the statutory provisions that the Court of Appeals now asks us to consider.  Finally, our answer to the first certified question will be determinative of the case because it will ultimately decide the maximum damages to which Fortin is entitled.  We therefore agree to consider the first certified question.

[¶5]  Among the provisions of the Maine Tort Claims Act, 14 M.R.S. §§ 8101-8118 (2012), are three sections that concern the limits of liability and damages that may be obtained against governmental actors or entities.  Title 14 M.R.S. § 8104-D, entitled "Personal liability of employees of a governmental entity," provides:

> Except as otherwise expressly provided by section 8111 or by any other law, and notwithstanding the common law, the personal liability of an employee of a governmental entity for negligent acts or omissions within the course and scope of employment shall be subject to a limit of $10,000 for any such claims arising out of a single occurrence and the employee is not liable for any amount in excess of that limit on any such claims.

It was pursuant to this provision that the District Court reduced Fortin's damages to the $10,000 maximum.

4

[¶6] Fortin contends that the allowable damages are instead determined by the greater amount allowed by 14 M.R.S. § 8105(1) or 14 M.R.S. § 8116. Title 14 M.R.S. § 8105(1), entitled "Limitation on damages," states:

> **Limit established.** In any claim or cause of action permitted by this chapter, the award of damages, including costs, against either a governmental entity or its employees, or both, may not exceed $400,000 for any and all claims arising out of a single occurrence.

Finally, 14 M.R.S. § 8116, entitled "Liability insurance," allows a governmental entity to purchase insurance for itself or its employees, and, in such circumstances, provides for a limit of liability based on the policy limit: "If the insurance provides protection in excess of the limit of liability imposed by section 8105, then the limits provided in the insurance policy shall replace the limit imposed by section 8105."

[¶7] This matter requires us to interpret, de novo, the meaning and interplay of the three damages caps established in these provisions of the Act—$10,000; $400,000; and the insurance policy limit. *See Searle v. Town of Bucksport*, 2010 ME 89, ¶ 8, 3 A.3d 390. We look first to the plain language of the statute; "[a]s a general rule, words and phrases that are not expressly defined in a statute must be given their plain and natural meaning and should be construed according to their natural import in common and approved usage." *Id.* (quotation marks omitted). We also interpret a statute "to avoid absurd, illogical, or inconsistent

results," *id.* (quotation marks omitted), and look to "the context of the whole statutory scheme of which the section at issue forms a part" to achieve a consistent and "harmonious result," *Friends of the Boundary Mountains v. Land Use Regulation Comm'n*, 2012 ME 53, ¶ 20, 40 A.3d 947 (quotation marks omitted). We consider other indicia of legislative intent only if the plain language of the operative provisions is ambiguous. *Mitton v. Verizon*, 2012 ME 41, ¶ 8, 38 A.3d 1285.

[¶8]  In the instant matter, we need look no further than the unambiguous plain language of the three provisions to determine their relation to one another. We begin with section 8104-D, which unequivocally states that the personal liability of a government employee who is sued in that capacity is limited to $10,000 per single occurrence.  Section 8104-D speaks to the limit of damages that may be obtained from any and all claims against one single person ("an employee"), such as Titcomb.

[¶9]  Section 8105 has a broader application, and provides for the overall limitation on damages *per occurrence* rather than per individual defendant.  It plainly states that in any action against a governmental entity or government employees, the damages award is capped at $400,000 "*for any and all claims arising out of a single occurrence.*"  14 M.R.S. § 8105(1) (emphasis added).  Thus, when the defendant in such an action is the governmental entity, more than one

6

government employee, or the government entity *and* one or more government employee, the liability of all the defendants together can total no more than $400,000. Section 8105 works in conjunction with section 8104-D in that a government employee is individually liable only for $10,000 according to section 8104-D, but the damages that may be collected from all defendants in a matter involving the governmental entity and/or multiple government employees may be as high as, but cannot exceed, $400,000. For example, if Fortin had sued Titcomb plus seven other police officers, the eight officers' liability would be capped at $10,000 each, totaling $80,000. If Fortin had successfully sued eight officers and had also sued the police department, the department's liability as a government entity could not exceed $320,000 for that single incident. If Fortin had sued only the police department, those damages would be capped at $400,000 because the $10,000 damages limit in section 8104-D does not apply to the entity, only to individuals.

[¶10] Section 8116, in turn, provides an alternative to the $400,000 damages cap of section 8105 in the event that the government entity has insurance for itself and/or its employees. It says simply that if such insurance exists, and that insurance has a policy limit higher than the $400,000 cap imposed by section 8105, "then the limits provided in the insurance policy shall replace the limit imposed by section 8105." 14 M.R.S. § 8116. Section 8116 therefore interacts with section

8104-D in the same manner that section 8105 interacts with section 8104-D; the governmental entity and/or the collection of employees involved in the same occurrence have a total combined liability limit of $400,000 or the policy limit of any applicable insurance, whichever is higher, but no individual government employee may be held liable for more than $10,000. This is true whether any insurance is available to cover the government employee, or whether the government employee must pay those damages out of pocket.[1]

[¶11]   In the factual record presented to us, a jury found Titcomb individually liable for acts he committed in his capacity as government employee. Titcomb's individual personal liability is therefore limited to $10,000 pursuant to section 8104-D. Neither section 8105 nor section 8116 would be implicated unless Fortin also obtained a judgment against the governmental entity at issue and/or other government employees personally; in that event, the combined liability of these other defendants could not exceed $390,000, and any individual employees could not be liable for more than $10,000 each. The answer to the first question posed to us by the First Circuit Court of Appeals is therefore $10,000.

[¶12]   Given this conclusion, we need not determine the answer to the second question posed by the Court because the individual personal liability of a

---

[1] We note that 14 M.R.S. § 8112(8) (2012) requires each governmental entity to insure, or defend and indemnify, its employees to the $10,000 limit of 14 M.R.S. § 8104-D (2012), so no government employee will actually pay the judgment.

8

government employee is limited to $10,000 without regard to whether any insurance policy exists to cover that employee's personal liability. Our answer to the second certified question therefore would not be determinative of the case before the Court of Appeals, and we decline to answer it.

The entry is:

> We answer certified question 1: "Whether or not an insurance policy is available to cover a judgment against a government employee sued in his personal capacity, the applicable limit on the award of damages is $10,000 pursuant to 14 M.R.S. § 8104-D." Given this holding, we decline to answer certified question 2.

JABAR, J., dissenting.

[¶13] I respectfully dissent because I believe we should adopt a reading of the statutory scheme that concludes that the Legislature intended to establish a balance between remedying injuries caused by the negligence of government employees and protecting those government employees from financial ruin. I also dissent to express my concern about answering a question forwarded to us by the federal court when there is an underlying legal issue that undermines the applicability of 14 M.R.S. § 8104-D (2012) to the facts of this case. *See generally*

*Fortin v. Titcomb*, 747 F. Supp. 2d 44, 46 (D. Me. 2010) (noting that the parties agree that section 8104-D applies).

A.    Legislative Intent

[¶14]   "We interpret a statute to avoid absurd, illogical, or inconsistent results."    *Costain v. Sunbury Primary Care, P.A.*, 2008 ME 142, ¶ 5, 954 A.2d 1051 (quotation marks omitted).   "[W]e will consider the whole statutory scheme for which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved."   *FPL Energy Me. Hydro LLC v. Dep't of Envtl. Prot.*, 2007 ME 97, ¶ 12, 926 A.2d 1197 (quotation marks omitted).   In this case, however, the interpretation of the statutory scheme forwarded by the Court creates a serious inconsistency between sections 8104-D, 8105, and 8116 of Title 14.

[¶15]  As originally drafted in 1977, the Maine Tort Claims Act (MTCA) did not include a limitation on personal liability of government employees.  *See* L.D. 87 (108th Legis. 1977); P.L. 1977, ch. 2.   At that time, section 8105 read as follows: "In any action for damages permitted by this chapter, the claim for and award of damages including costs shall not exceed . . . ."  L.D. 87, § 8105 (108th Legis. 1977).   The section then went on to provide specific monetary limitations on the amount that a victim could recover against a municipality or its employees.  *Id.* Section 8116 stated that the government entity could procure insurance, and "[i]f

the insurance provides protection in excess of the limits of liability imposed by section 8105, then the limits provided in the insurance policy shall replace the limits imposed by section 8105." P.L. 1977, ch. 2, § 8116. Because there was not yet a limitation on personal liability of government employees, section 8105 was the only limitation on damages and there was no need for section 8116 to reference any other limitation—section 8105 and 8116 applied to all actions for damages under the MTCA. *See* P.L. 1977, ch. 2, § 8105 ("In any action for damages permitted by this chapter . . . .").

[¶16] Shortly after its adoption, the MTCA was amended to place a $10,000 limit on the *personal liability* of state, but not municipal, employees. Sen. Amend. C to H.P. 1680, L.D. 1874, No. S-365 (108th Legis. 1977). The limitation was originally codified in section 8103. Sen. Amend. C to H.P. 1680, L.D. 1874, No. S-365 (108th Legis. 1977). Still, because section 8105 applied to "any action for damages permitted by this chapter," a victim's damages against municipal employees were limited only by the specific enumerated amounts in section 8105 or the insurance policy limit, whichever was greater. *See Drummond v. City of Portland*, 1985 Me. Super. LEXIS 158, at *4 (June 13, 1985) ("Under [section] 8116, the State *must* insure its employees to the extent of their potential liability under [section] 8103 and *may* purchase additional insurance. Under the same section, the governmental entities *may* insure their employees."). Eventually,

in 1986, section 8103 was amended to extend the limitation on liability to all government employees. *See* P.L. 1985, ch. 599, §§ 1, 2, 3. Nevertheless, the limitation on *personal liability* applied only to prevent a victim from executing a judgment against the personal assets of a government employee in an amount greater than $10,000. Legis. Rec. 73, 1827-29, 1976 (1977); L.D. 2142, Statement of Fact, § 8103(3), at 4 (112th Leg. 1986). To this end, the government entity was required to provide insurance to cover the employees' potential liability. L.D. 2142, Statement of Fact, § 8103(3), at 4 (112th Leg. 1986). The limitation on personal liability contained in section 8103 was later codified in section 8104-D, but did not change substantively. L.D. 2443, Statement of Fact, § 8104-D, at 14 (113th Legis. 1988). Arguably, when the Legislature amended the MTCA in 1977 by adding section 8103 to place limitations on personal liability, it could have been clearer by also amending section 8116 to include a reference not only to the 8105 limitation but also to the 8103 limitation. However, section 8104-D was designed only to limit *personal liability* whereas 8105 and 8116 were designed to limit damages. *Fortin v. Titcomb*, 671 F.3d 63, 68 (1st Cir. 2012) ("[Sections] 8104-D and 8105 by their terms address different matters: the former relates to *personal liability*, while the latter imposes a limit on *damages*.").

[¶17] Fortin argues that the insurance policy limit provides the limitation on damages when the government, pursuant to section 8116, procures insurance in

12

excess of the $10,000 required by section 8104-D. The First Circuit Court of Appeals, in an opinion authored by Judge Lipez, characterized this argument as a "plausible reading of the statutory scheme."[2] *Fortin*, 671 F.3d at 68. In discussing Fortin's plausible reading, Judge Lipez's opinion states that "[t]he legislative history of the MTCA's damages-related provisions could be read to support the view that [section] 8104-D does not remove personal-capacity claims from the scope of [sections] 8105 and 8116." *Id.* at 69. We should adopt this reading of the statute. Judge Lipez cautions that "[r]eading [section] 8104-D to supersede the [sections] 8105 [and 8116] liability limit in every instance, without regard to the availability of insurance, would defeat the balance the [L]egislature may have intended to establish between remedying injuries caused by government employees and protecting those employees from financial ruin." *Id.* at 70.

[¶18] Interpreting the statutory scheme—and section 8104-D specifically—to limit only *personal liability* of government employees is nothing more than common sense. Through section 8116, the Legislature allows governmental entities to procure insurance to allow citizens to recover sums in excess of the statutory limits established in section 8105. If the government procures such

---

[2] The opinion by Judge Lipez offers two plausible readings of the statutory scheme: one forwarded by the plaintiff, Fortin, and the other forwarded by the defendant, Titcomb. *Fortin v. Titcomb*, 671 F.3d 63, 66-70 (1st Cir. 2012). Titcomb argues that "[section] 8104-D is a stand-alone provision that applies to personal-capacity claims against governmental employees, while [sections] 8105 and 8116 apply to all other types of claims involving governments and their employees." *Fortin*, 671 F.3d at 67.

insurance for itself and its employees, and a victim of negligence committed by a single government employee is awarded a judgment within the policy limits, the victim should be allowed to recover the full amount of the judgment. Indeed, section 8116 specifically states that "[a] governmental entity may purchase insurance or may self-insure on behalf of its employees to insure them against *any* personal liability for which a governmental entity is obligated or *entitled* to provide defense or indemnity under section 8112." (Emphasis added). It would make little sense for the Legislature to draft a statutory scheme that allows government entities the option to procure insurance in excess of the $400,000 limit in section 8105 in cases where the government or multiple employees commit negligent acts, and thereby grant Maine citizens additional protection from government negligence, but deny those same governmental entities the option to provide added protection beyond $10,000 for negligent acts committed by a single employee. *See Drummond*, 1985 Me. Super. LEXIS 158, at *4 ("Under [section] 8116, the State *must* insure its employees to the extent of their potential liability under [section] 8103 and *may* purchase additional insurance.").

[¶19] In this case, the jury determined that Fortin was entitled to $125,000 in compensatory damages and the court subsequently reduced that award to $10,000—less than 10% of what the jury found Fortin deserved. Under this Court's interpretation of the statutory scheme, without regard to the availability of

14

insurance, if the same injuries that Fortin sustained were inflicted by thirteen officers rather than one, Fortin would be allowed to recover the damages the jury found that he was owed. This, I assert, is an illogical interpretation of the statutory scheme because in cases such as this, the government employee will not *actually* be personally liable for the judgment. Because the government entity may procure insurance on behalf of the employee in excess of the $10,000 limitation in section 8104-D, section 8116 would be applicable, and the insurance policy would set the limitation on damages.

[¶20] Allowing governmental entities the option of providing protection beyond the $10,000 limit of section 8104-D by purchasing additional insurance is consistent with the statutory scheme set out by the Legislature. This reading of the statute strikes a balance between compensating victims of negligence committed by government actors and protecting government employees from the burden of personal liability. Therefore, in determining whether section 8104-D sets the limitation on damages, it is essential to determine whether the government employee is personally liable for the judgment: if the employee is personally liable, then the award is reduced to $10,000; if the government procures insurance for its employees, thereby removing personal liability, then the policy limit sets the extent of damages under 8116. *See Rodriguez v. Town of Moose River*, 2007 ME 68, ¶ 26, 922 A.2d 484 (noting that the $10,000 limitation on damages is applicable

because the government employee would be personally liable for any award of damages arising from negligent acts she committed in the course and scope of her employment); *see also* 14 M.R.S. § 8116 ("A governmental entity may purchase insurance or may self-insure on behalf of its employees to insure them against any personal liability for which a governmental entity is obligated or entitled to provide defense or indemnity under section 8112."). Arguably, because 14 M.R.S. § 8112(8) (2012) requires governmental entities to insure employees up to the section 8104-D limit, absent abnormal circumstances rendering the employee personally liable, *see Rodriguez,* 2007 ME 68, ¶ 34 & n.4, 922 A.2d 484, the policy limit will establish the limitation on damages. Still, in most cases, the $10,000 limit contained in section 8104-D and the policy limit will likely be identical—there is nothing preventing the governmental entity, perhaps more concerned with preserving the fisc than with compensating the victim of its employee's negligence, from procuring an insurance policy that covers only the minimum amount outlined in section 8104-D. However, we should not interpret the statutory scheme in such a way that the governmental entity is prohibited from procuring insurance coverage that allows for a recovery in excess of the $10,000 minimum set out in 8104-D. When the governmental entity, pursuant to 14 M.R.S. § 8116, procures insurance for the negligent acts of its employees with a policy limit greater than the $10,000 minimum contained in 14 M.R.S. § 8104-D, an

16

award of damages within that policy limit should not be reduced pursuant to 14 M.R.S. § 8104-D because the employee will not actually be personally liable.

B.      Scope of Employment

[¶21]  In addition to my disagreement with the Court over the interpretation of the statutory scheme, I also disagree with the Court's decision to answer the first question.  Section 8104-D provides a limitation on damages for negligence actions against government employees as long as the employee is acting "within the course and scope of employment."  Notwithstanding the fact that the parties stipulated that section 8104-D applies in this case, *see Fortin*, 747 F. Supp. 2d at 46, the underlying facts raise a significant legal issue as to the applicability of 8104-D that was not addressed at trial and is not before the Court at this time.  Because section 8104-D may not be applicable under the facts of this case, answering the question posed to us by the federal court will serve only to confuse our jurisprudence surrounding the MTCA.  We should refrain from unnecessarily making a broad pronouncement of law that could ultimately be based on an erroneous agreement regarding the application of section 8104-D.

[¶22]  The jury in this case found that the officer exceeded the scope of his discretion, thus denying him the safe harbor of discretionary function immunity. In order for an employee to be eligible for discretionary function immunity the employee must be acting within the course and scope of employment.  *See Morgan*

*v. Kooistra*, 2008 ME 26, ¶ 20, 941 A.2d 447; *Darling v. Augusta Mental Health Instit.*, 535 A.2d 421, 425 (Me. 1987). "Conduct that is within the scope of employment is the type of conduct the employee was hired to perform; occurs within the time and space of the employment; and is undertaken, at least partially, to serve the employee's master." *Morgan*, 2008 ME 26, ¶ 21, 941 A.2d 447. A police officer's conduct is typically entitled to discretionary function immunity unless the "egregious conduct clearly exceeded, as a matter of law, the *scope* of any discretion he could have possessed in his official capacity as a police officer." *Polley v. Atwell*, 581 A.2d 410, 414 (Me. 1990). Discretionary function immunity under the MTCA encompasses not only lawful and proper exercises of discretion, but also abusive exercises of discretion. 14 M.R.S. § 8111(1)(C) (2012). If a government employee who otherwise would be entitled to discretionary function immunity is found not to be entitled to immunity because he exceeded the scope of any discretion he could have possessed in his capacity as a police officer, he did something more culpable than act in bad faith, abuse his discretion, or act without official authority. *See Selby v. Cumberland Cnty.*, 2002 ME 80, ¶¶ 6, 8 & n.6, 796 A.2d 678 (noting that discretionary function immunity applies even in situations of bad faith, acting in abuse of discretion, or acting without authority).

[¶23]  In this case, the officer did not have the protection of discretionary function immunity. The court instructed the jury, in relevant part, as follows:

State law provides immunity to governmental employees including police officers for performing or failing to perform any discretionary function or duty, whether or not the discretion is abused; and whether or not any authority under which the discretionary function or duty is performed is valid. For purposes of state immunity law a police officer's arrest of an individual is a discretionary act. Maine law provides immunity to a police officer unless the officer's conduct was so egregious that it clearly exceeded the scope of any discretion an officer could have possessed in his or her capacity as a police officer. Thus, if you find that one or both of the defendants negligently used excessive force against the plaintiff, you must also decide whether, in doing so, each such officer's action clearly exceeded the scope of any discretion he could have possessed in his capacity as a police officer. If you find that it did, you must find that that defendant may be liable to the plaintiff on his negligence claim. If you find that it did not, you must find for that defendant on that claim.

Based on this instruction, the jury found that the officer's conduct was so egregious that he was not entitled to discretionary function immunity. Thus, the question remains whether an officer can act in a manner that clearly exceeds any discretion that he could have possessed in his capacity as a police officer yet still be acting within the course and scope of employment.

[¶24] From a policy standpoint, because "[d]iscretionary function immunity preserve[s] independence of action without deterrence or intimidation by the fear of personal liability and vexatious suits," *Carrol v. City of Portland*, 1999 ME 131, ¶ 6 n.4, 736 A.2d 279 (quotation marks omitted), it is certainly wise to protect officers from liability in cases where they abuse their discretion or act without the authority to do so. *See Selby*, 2002 ME 80, ¶¶ 8-11, 796 A.2d 678 (finding an

officer was still entitled to immunity despite violating internal office policies). It is unwise, however, to extend protection to actions well outside any discretion the officer could have possessed in his capacity as a government employee. *See Morgan*, 2008 ME 26, ¶¶ 21-23, 941 A.2d 447. As it stands, the broad scope of discretionary function immunity is sufficient to protect "independence of action"; there is no need to extend the 14 M.R.S. § 8104-D limitation on liability to situations in which a jury finds that the employee's conduct is so egregious that it is outside the scope of discretion they possessed as a government employee. I believe that as a matter of law conduct found to be so egregious that it is not entitled to discretionary function immunity because the officer exceeded the scope of any discretion he could have possessed in his capacity as a government employee should not be considered within the course and scope of employment, and therefore should not be entitled to the damages limitation of 14 M.R.S. § 8104-D. *See Polley*, 581 A.2d at 414; *Darling*, 535 A.2d at 425.

[¶25] Although this issue is not presently before the Court and has not been previously decided by this Court, I am concerned that by answering the legal question submitted to us by the federal court we may be implicitly concluding that egregious conduct that exceeds an employee's scope of discretion may still be considered within the course and scope of employment. I believe this significant legal issue remains unsettled in our jurisprudence and I do not believe that this

opinion addresses this issue.  Accordingly, we should refrain from answering the question presented to us because, despite the parties' stipulation, section 8104-D may not be applicable to the facts of this case; answering the question posed to us under these facts will only confuse our jurisprudence surrounding the MTCA.

[¶26]  In sum, I dissent not only to caution that the unresolved legal issue surrounding scope of discretion and scope of employment may create unintended consequences, but also to express my belief that the Court's interpretation of sections 8104-D, 8105, and 8116 threatens to upset the balance that the Legislature intended to strike between compensating victims of government negligence and protecting government employees from financial ruin.

---

**On the briefs:**

> Michael A. Feldman, Esq., Law Offices of Michael A. Feldman, Brunswick, and Michael P. Turndorf, Esq., Turndorf Law, P.A., Brunswick, for appellant Michael Fortin
>
> Douglas I. Louison, Esq., Louison, Costello, Condon & Pfaff, LLP, Boston, Massachusetts, for appellee Jacob Titcomb
>
> William Schneider, Attorney General, Paul Stern, Dep. Atty. Gen., Susan P. Herman, Asst. Atty. Gen., and Ronald W. Lupton, Asst. Atty. Gen., for amicus curiae State of Maine

**At oral argument:**

Michael A. Feldman, Esq., for appellant Michael Fortin

Douglas I. Louison, Esq., for appellee Jacob Titcomb

United States Court of Appeals for the First Circuit docket number 10-2370
FOR CLERK REFERENCE ONLY