Majority: SAUFLEY, C.J, and LEVY, SILVER, MEAD, and GORMAN, JJ.
Dissent: JABAR, J.
GORMAN, J.
[¶ 1] Pursuant to 4 M.R.S. § 57 (2012) and M.RApp. P. 25, the United States Court of Appeals for the First Circuit (Li-pez, J.) has certified two questions of state law for our review: (1) “Where an insurance policy is available to cover a judgment against a government employee sued in his personal capacity, is the applicable limit on the award of damages set by [14 M.R.S.] § 8104-D ($10,000) or by the combination of [14 M.R.S.] §§ 8105(1) and 8116 ($400,000 or the policy limit)?” and (2) “In light of the competing state interests described, which interpretive principles should be applied to construe an insurance policy, procured by a governmental body to cover itself or its employees for MTCA damages liability, that contains an ambiguity affecting the scope of coverage?” We answer the first certified question as follows: ‘Whether or not an insurance policy is available to cover a judgment against a government employee sued in his personal capacity, the applicable limit on the award of damages is $10,000 pursuant to 14 M.R.S. § 8104-D.” We decline to answer the second certified question.
I. BACKGROUND
[¶ 2] In 2009, Michael Fortin filed an action in the United States District Court for the District of Maine against Jacob Titcomb, a Wells police officer, asserting federal and state claims stemming from Titcomb’s alleged use of force in arresting Fortin in 2007. A jury found Titcomb liable on Fortin’s state law negligence claim and awarded Fortin $125,000 in damages. On Titcomb’s motion, the District Court amended the judgment to reduce the damages award to $10,000 pursuant to 14 M.R.S. § 8104-D (2012). Fortin appealed to the United States Court of Appeals for the First Circuit. The Court of Appeals then certified these two questions for our review. 4 M.R.S. § 57; M.R.App. P. 25.
II. DISCUSSION
[¶ 3] Title 4 M.R.S. § 57 authorizes, but does not require, us to consider a certified question of state law posed by a federal court in certain circumstances. See M.R.App. P. 25(a); Darney v. Dragon Prods. Co., LLC, 2010 ME 39, ¶9, 994 A.2d 804. “We may, in our discretion, answer a certified question if (1) there is no dispute as to the material facts at issue; (2) there is no clear controlling precedent; and (3) our answer, in at least one alternative, would be determinative of the case.” Id. ¶ 10 (quotation marks omitted).
[¶ 4] In the instant matter, there are no material facts in dispute given that a jury has already rendered its verdict. See id. We also agree that there is no clear controlling precedent on point because we have never been called upon to reconcile the statutory provisions that the Court of Appeals now asks us to consider. Finally, our answer to the first certified question *767 will be determinative of the case because it will ultimately decide the maximum damages to which Fortin is entitled. We therefore agree to consider the first certified question.
[¶ 5] Among the provisions of the Maine Tort Claims Act, 14 M.R.S. §§ 8101-8118 (2012), are three sections that concern the limits of liability and damages that may be obtained against governmental actors or entities. Title 14 M.R.S. § 8104-D, entitled “Personal liability of employees of a governmental entity,” provides:
Except as otherwise expressly provided by section 8111 or by any other law, and notwithstanding the common law, the personal liability of an employee of a governmental entity for negligent acts or omissions within the course and scope of employment shall be subject to a limit of $10,000 for any such claims arising out of a single occurrence and the employee is not liable for any amount in excess of that limit on any such claims.
It was pursuant to this provision that the District Court reduced Fortin’s damages to the $10,000 maximum.
[¶ 6] Fortin contends that the allowable damages are instead determined by the greater amount allowed by 14 M.R.S. § 8105(1) or 14 M.R.S. § 8116. Title 14 M.R.S. § 8105(1), entitled “Limitation on damages,” states:
Limit established. In any claim or cause of action permitted by this chapter, the award of damages, including costs, against either a governmental entity or its employees, or both, may not exceed $400,000 for any and all claims arising out of a single occurrence.
Finally, 14 M.R.S. § 8116, entitled “Liability insurance,” allows a governmental entity to purchase insurance for itself or its employees, and, in such circumstances, provides for a limit of liability based on the policy limit: “If the insurance provides protection in excess of the limit of liability imposed by section 8105, then the limits provided in the insurance policy shall replace the limit imposed by section 8105.”
[¶ 7] This matter requires us to interpret, de novo, the meaning and interplay of the three damages caps established in these provisions of the Act-$10,000; $400,000; and the insurance policy limit. See Searle v. Town of Bucksport, 2010 ME 89, ¶ 8, 3 A.3d 390. We look first to the plain language of the statute; “[a]s a general rule, words and phrases that are not expressly defined in a statute must be given their plain and natural meaning and should be construed according to their natural import in common and approved usage.” Id. (quotation marks omitted). We also interpret a statute “to avoid absurd, illogical, or inconsistent results,” id. (quotation marks omitted), and look to “the context of the whole statutory scheme of which the section at issue forms a part” to achieve a consistent and “harmonious result,” Friends of the Boundary Mountains v. Land Use Regulation Comm’n, 2012 ME 53, ¶ 20, 40 A.3d 947 (quotation marks omitted). We consider other indicia of legislative intent only if the plain language of the operative provisions is ambiguous. Mitton v. Verizon, 2012 ME 41, ¶8, 38 A.3d 1285.
[¶ 8] In the instant matter, we need look no further than the unambiguous plain language of the three provisions to determine their relation to one another. We begin with section 8104-D, which unequivocally states that the personal liability of a government employee who is sued in that capacity is limited to $10,000 per single occurrence. Section 8104-D speaks to the limit of damages that may be obtained from any and all claims against one *768 single person (“an employee”), such as Tit-comb.
[¶ 9] Section 8105 has a broader application, and provides for the overall limitation on damages per occurrence rather than per individual defendant. It plainly states that in any action against a governmental entity or government employees, the damages award is capped at $400,000 “for any and all claims arising out of a single occurrence.” 14 M.R.S. § 8105(1) (emphasis added). Thus, when the defendant in such an action is the governmental entity, more than one government employee, or the government entity and one or more government employee, the liability of all the defendants together can total no more than $400,000. Section 8105 works in conjunction with section 8104-D in that a government employee is individually liable only for $10,000 according to section 8104-D, but the damages that may be collected from all defendants in a matter involving the governmental entity and/or multiple government employees may be as high as, but cannot exceed, $400,000. For example, if Fortin had sued Titcomb plus seven other police officers, the eight officers’ liability would be capped at $10,000 each, totaling $80,000. If Fortin had successfully sued eight officers and had also sued the police department, the department’s liability as a government entity could not exceed $320,000 for that single incident. If Fortin had sued only the police department, those damages would be capped at $400,000 because the $10,000 damages limit in section 8104-D does not apply to the entity, only to individuals.
[¶ 10] Section 8116, in turn, provides an alternative to the $400,000 damages cap of section 8105 in the event that the government entity has insurance for itself and/or its employees. It says simply that if such insurance exists, and that insurance has a policy limit higher than the $400,000 cap imposed by section 8105, “then the limits provided in the insurance policy shall replace the limit imposed by section 8105.” 14 M.R.S. § 8116. Section 8116 therefore interacts with section 8104-D in the same manner that section 8105 interacts with section 8104-D; the governmental entity and/or the collection of employees involved in the same occurrence have a total combined liability limit of $400,000 or the policy limit of any applicable insurance, whichever is higher, but no individual government employee may be held liable for more than $10,000. This is true whether any insurance is available to cover the government employee, or whether the government employee must pay those damages out of pocket.[1]
[¶ 11] In the factual record presented to us, a jury found Titcomb individually liable for acts he committed in his capacity as government employee. Titcomb’s individual personal liability is therefore limited to $10,000 pursuant to section 8104-D. Neither section 8105 nor section 8116 would be implicated unless Fortin also obtained a judgment against the governmental entity at issue and/or other government employees personally; in that event, the combined liability of these other defendants could not exceed $390,000, and any individual employees could not be liable for more than $10,000 each. The answer to the first question posed to us by the First Circuit Court of Appeals is therefore $10,000.
[¶ 12] Given this conclusion, we need not determine the answer to the second question posed by the Court because the individual personal liability of a govern *769 ment employee is limited to $10,000 without regard to whether any insurance policy exists to cover that employee’s personal liability. Our answer to the second certified question therefore would not be determinative of the case before the Court of Appeals, and we decline to answer it.
The entry is:
We answer certified question 1: “Whether or not an insurance policy is available to cover a judgment against a government employee sued in his personal capacity, the applicable limit on the award of damages is $10,000 pursuant to 14 M.R.S. § 8104-D.” Given this holding, we decline to answer certified question 2.

. We note that 14 M.R.S. § 8112(8) (2012) requires each governmental entity to insure, or defend and indemnify, its employees to the $10,000 limit of 14 M.R.S. § 8104-D (2012), so no government employee will actually pay the judgment.