MAINE SUPREME JUDICIAL COURT                         Reporter of Decisions
Decision:    2013 ME 22
Docket:      Fed-12-210
Argued:      December 13, 2012
Decided:     February 21, 2013

Panel:       SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR,
             JJ.

MICHAEL DINAN

v.

ALPHA NETWORKS INC.

ALEXANDER, J.

[¶1]    The United States District Court for the District of Maine (*Woodcock, C.J.*) has certified a question to us pursuant to 4 M.R.S. § 57 (2012) and M.R. App. P. 25: "Does Maine's Timely and Full Payment of Wages Law, 26 M.R.S. § 626, apply to the reasonable value of an employee's services under quantum meruit?" *Dinan v. Alpha Networks Inc.*, 857 F. Supp. 2d 162, 170 (D. Me. 2012).  Michael Dinan, the plaintiff before the federal court, urges us to answer in the affirmative.  Alpha Networks Inc., the defendant before the federal court, urges us to answer in the negative.

[¶2]    Although the material facts presented regarding the relationship between Alpha Networks and Dinan are not entirely clear, the federal court, with its superior knowledge of the facts and the record, has characterized the damages

2

award at issue as for "the reasonable value of the services Mr. Dinan is entitled to receive from Alpha under quasi-contract." *Id.* at 164. With this characterization offered by the federal court, we can answer its question of interpretation of the cessation of employment provision in the Timely and Full Payment of Wages Law, 26 M.R.S. § 626 (2012), as follows:

> Whether a quantum meruit recovery activates the penalty provision of section 626 depends on the first element of a quantum meruit claim: the services rendered. If those services are of the type for which an employee would have been due wages, then application of section 626 to a recovery in quantum meruit is appropriate. If not, section 626 would not apply. *See* 26 M.R.S. § 626 (indicating that an independent contractor is not entitled to the protection of the statute).

## I. CASE HISTORY

[¶3] In 2005, Michael Dinan began working for Alpha Networks Inc. as a salesperson. *Dinan*, 857 F. Supp. 2d at 164. At that time, he signed an employment agreement. *Id.* The agreement contained a complicated incentive compensation plan. *Id.* In 2008, Alpha Networks adopted a new incentive compensation plan, which lowered Dinan's pay. *Id.* The next year, Alpha Networks promised to adopt a new incentive plan, and Dinan, based on this promise, continued working for Alpha Networks through 2009 and part of 2010. *Id.* Alpha Networks periodically assured Dinan that it would adopt the new plan, but it failed to do so. *Id.*

[¶4] Dinan formally resigned from his employment at Alpha Networks in March of 2010. *Id.* He signed a separation agreement before his departure. *Id.* Alpha Networks initially paid Dinan pursuant to the separation agreement but then claimed that it had inadvertently paid Dinan more than it had agreed to and stopped payment on two of the checks it had issued to Dinan. *Id.* at 164-65.

[¶5] In July of 2010, Dinan filed a complaint against Alpha Networks in the Superior Court alleging a violation of 26 M.R.S. § 626, breach of contract, breach of quasi-contract, and unjust enrichment. *Id.* at 165. Alpha Networks removed the case to federal court and counterclaimed that Dinan had breached the separation agreement. *Id.*

[¶6] After a trial in July of 2011, a federal jury found that Dinan had failed to prove that Alpha Networks had breached its employment agreement, but found that Alpha Networks had breached its separation agreement with Dinan and that Dinan was entitled to $70,331.93 in quasi-contractual, or quantum meruit, damages from Alpha Networks. *Id.*

[¶7] The federal court's order certifying its question to us characterized the award as one for "the reasonable value of an employee's services," *id.* at 170, and described the jury's verdict as follows:

> The jury rejected Mr. Dinan's claim that Alpha entered into an employment agreement with him in which it promised to pay him commissions for 2009 and 2010. It found, however, that Mr. Dinan

4

and Alpha entered into a valid Separation Agreement & General Release and that Alpha repudiated or breached that Agreement. The jury found that Mr. Dinan established that he is entitled to damages under quasi-contract. It awarded Mr. Dinan $70,331.93 as the reasonable value of the services Mr. Dinan is entitled to receive from Alpha under quasi-contract.

*Id.* at 163-64 (internal citations omitted).

[¶8] After the jury verdict, Dinan moved the federal court to conclude that the quantum meruit damages for breach of the separation agreement were "wages" within the meaning of 26 M.R.S. § 626, which would entitle him to "a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee." *Dinan*, 857 F. Supp. 2d at 164. Alpha Networks argued that Dinan's quantum meruit recovery did not amount to "wages" and that he was not entitled to the protection of section 626. *Id.*

[¶9] Whether Dinan's quantum meruit recovery is properly viewed as in the nature of "wages" for an employee's services is necessarily a fact question for the federal court, not this Court, to resolve. The federal court has concluded that the relevant Maine law on the applicability of section 626 to a quantum meruit recovery is unclear and has certified its question to us pursuant to 4 M.R.S. § 57 and M.R. App. P. 25. *Dinan*, 857 F. Supp. 2d at 170.

## II.  LEGAL ANALYSIS

[¶10]  Title 4 M.R.S. § 57 authorizes us to consider certified questions from federal courts in certain circumstances.  Maine Rule of Appellate Procedure 25 implements the statute.

[¶11]  We may consider the merits of a certified question from the United States District Court and, in our discretion, provide an answer if (1) there is no dispute as to the material facts at issue; (2) there is no clear controlling precedent; and (3) our answer, in at least one alternative, would be determinative of the case. *Fortin v. Titcomb*, 2013 ME 14, ¶ 3, --- A.3d ---; *Darney v. Dragon Prods. Co., LLC*, 2010 ME 39, ¶ 10, 994 A.2d 804.

[¶12]  Exercise of our discretion to answer a certified question is guided by our observation that promotion of federal-state comity counsels that

> [w]herever reasonably possible, the state court of last resort should be given opportunity to decide state law issues on which there are no state precedents which are controlling or clearly indicative of the developmental course of the state law.  Such approach would (1) tend to avoid the uncertainty and inconsistency in the exposition of state law caused when federal Courts render decisions of State law which have an interim effectiveness until the issues are finally settled by the state court of last resort; and (2) minimize the potential for state-federal tensions arising from actual, or fancied, federal Court efforts to influence the development of State law.

*White v. Edgar*, 320 A.2d 668, 675 (Me. 1974).

[¶13]  Accordingly, we have stated that

> [i]n the situation in which a decision of a question of State law is necessary to a decision of the federal merits of a cause pending in the federal Court, it is, and will continue, a strong policy of this Court, as conducive to a sound federalism and the promotion of harmonious relations between federal and State Courts, to implement the certification process afforded by 4 M.R.S.A. § 57 in the fullest scope consistent with this Court's proper functioning.

*Id*. at 675-76.

[¶14]  With these principles to guide our decision to answer in mind, we proceed to address the specific criteria for addressing the certified question.

[¶15]  The first requirement, that there be no material facts at issue, is usually satisfied when, as here, a jury has determined the facts.  *Brown v. Crown Equip. Corp.,* 2008 ME 186, ¶ 13, 960 A.2d 1188.  The third requirement, that our answer, in at least one alternative, would be determinative of the case, is also satisfied, as it appears that a negative answer would leave the verdict as it stands, with no application of the penalty provisions of section 626.

[¶16]  The first and third requirements of our criteria for answering a certified question ensure that we avoid inappropriately issuing advisory opinions that might not fully dispose of the federal case.  *Darney*, 2010 ME 39, ¶ 16, 994 A.2d 804.  The prohibition on issuing advisory opinions is consistent with our defined judicial power.  *In re Richards*, 223 A.2d 827, 832-33 (Me. 1966)

(concluding that the certified question procedure is constitutional because it does not authorize the Law Court to issue advisory opinions).

[¶17]  The second requirement, that there be no controlling precedent, is also satisfied here.  Title 26 M.R.S. § 626 provides that "[a]n employee leaving employment must be paid in full within a reasonable time after demand."  An employer that fails to pay as required is subject to penalties:

> An action for unpaid wages under this section may be brought by the affected employee or employees . . . .  An employer found in violation of this section is liable for the amount of unpaid wages and, in addition, the judgment rendered in favor of the employee or employees must include a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee.

26 M.R.S. § 626.

[¶18]  The statute does not define "wages," and we have not defined the exact scope of "wages" through case law.  *See Burke v. Port Resort Realty Corp.*, 1999 ME 138, ¶ 9, 737 A.2d 1055.  However, 26 M.R.S. § 626 does specify that "[a]n employee leaving employment must be paid in full within a reasonable time," and broadly defines "employee" as "any person who performs services for another in return for compensation [and who is not] an independent contractor."

[¶19]  "[A] claim for relief pursuant to quantum meruit seeks recovery for services or materials provided under an implied contract."  *Cummings v. Bean*, 2004 ME 93, ¶ 9, 853 A.2d 221 (quoting *Paffhausen v. Balano*, 1998 ME 47, ¶ 6,

708 A.2d 269).  Because the measure of damages in quantum meruit—the value of materials and services rendered—is not necessarily coextensive with the measure of damages for an employee who has not been paid, and because we have not previously addressed a dispute in which an employee sought recovery in quantum meruit, we have no clear, controlling precedent as to whether, and under what circumstances, an employee's recovery based in quantum meruit constitutes "wages."

[¶20]   Quantum meruit claims permit recovery pursuant to an implied contract that is inferred from the conduct of the parties.  *Runnells v. Quinn*, 2006 ME 7, ¶ 10, 890 A.2d 713.  A quantum meruit claim has three elements: "that (1) services be rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment."  *Id.*  The prevailing plaintiff is entitled to "the reasonable value of the services provided."  *Jenkins, Inc. v. Walsh Bros., Inc.*, 2001 ME 98, ¶ 17, 776 A.2d 1229.  Quantum meruit is a legal, not an equitable, remedy and thus is distinct from the theory of unjust enrichment.  *Cummings*, 2004 ME 93, ¶ 9, 853 A.2d 221.

[¶21]  Whether a quantum meruit recovery activates the penalty provision of section 626 depends on the first element of a quantum meruit claim: the services rendered.  If those services are of the type for which an employee would have been

due wages, which is a factual question, then application of section 626 to the quantum meruit recovery would be appropriate. If not, section 626 would not apply. *See* 26 M.R.S. § 626 (stating that an independent contractor is not entitled to the protection of the statute).

[¶22]  Because it is our policy to promote comity between the federal and state courts by answering questions when the question and supporting materials can be construed in a way that permits us to answer the question consistent with the three criteria we have indicated, we answer the certified question as stated in ¶ 2 of this opinion.

The entry is:

> Certified question from the United States District Court answered as stated in this opinion.

---

**On the briefs and at oral argument:**

> Patrick S. Bedard, Esq., Bedard & Bobrow, P.C., Eliot, for applellant Michael Dinan
>
> Daniel P. Schwartz, Esq., Jackson Lewis, LLP, Portsmouth, New Hampshire, for appellee Alpha Networks, Inc.

United States District Court for the District of Maine docket number 2:10-cv-00340-JAW
FOR CLERK REFERENCE ONLY