LYNCH, Circuit Judge,
concurring.
With the greatest respect for my colleagues, I write separately to express my views.
I fully join the holding affirming that B.S. received a free appropriate public education (“FAPE”) under the Individuals with Disabilities Education Act (“IDEA”), for his eleventh and twelfth grade years.
The issue of the appropriate limitation period for the filing of the plaintiffs claim, particularly as to the ninth and tenth grade years, is controlled by a federal statute, 20 U.S.C. § 1415(f)(3)(C), which receives too little attention from the parties. That federal statute states that a parent has two years to file a complaint from when the parent “knew or should have known about the alleged action that forms the basis of the complaint, or if the *116 State has an explicit time limitation for requesting such a hearing under this sub-chapter, in such time as the State law allows.” Id.; see also 34 C.F.R. § 300.511(e). As I understand the provision, a state’s limitation period is adopted if and only if the state has an “explicit time limitation,” otherwise the federal default period of two years is used.
The parties have assumed that Maine has an “explicit time limitation” in its state regulation, Me. Code R. 05-071, Ch. 101 (“MUSER”) § XVI.13.E, which on its face provides for a limitation period of two years. Ms. S. assumes that she is nonetheless free to attack the validity of this state regulation using the Maine Administrative Procedure Act (“MAPA”), as a matter of application of the governing federal IDEA statute. Based on that assumption, she argues that the state regulation is invalid under MAPA. The school system responds by defending the state regulation’s validity in like terms.
It is not clear that the intent of 20 U.S.C. § 1415(f)(3)(C) is to permit a federal court to decide state administrative procedure questions about the validity of explicitly stated state administrative provisions. It could be that we are to take the state law on its face. Then again, it may be that those uncertainties about the time period under MAPA mean that Maine has not met the “explicit time limitation” requirement of the federal statute. If so, we would find the two-year federal limitation period applies for the ninth and tenth grade years. In either of the above-described scenarios, we would find that the governing limitation period is two years, that the plaintiffs claims as to the ninth and tenth grade years are not timely, and that judgment should be entered against her on those claims.
On the other hand, there may be reasons to think that the state law validity issue should be resolved. Still, that does not answer the question of who should resolve the issue or say that the federal court should resolve it. The parties have utterly failed to adequately brief the federal issues and have encouraged the court to enter the state law briar patch. My colleagues are not to be faulted for walking down the path that the parties laid out for them.
Nevertheless, as to answering the question of the validity of the limitation period under Maine law, my view is that it is not the business of a federal court to tell Maine how to interpret its own administrative law. Doctrines of federalism, comity, and abstention all counsel against such incursions. See The Real Estate Bar Ass’n for Mass., Inc, v. Nat’l Real Estate Info. Servs., 608 F.3d 110, 119 (1st Cir. 2010) (“There are ... strong federalism interests that are furthered by providing the state courts with the opportunity to decide on underlying unsettled questions of state law.”), certified question answered, 459 Mass. 512, 946 N.E.2d 665 (2011).
To the extent that the state regulation validity issue governs the timeliness analysis, I would have preferred to send this matter to the Maine Supreme Judicial Court for resolution or to have abstained and let the state courts resolve this matter. I agree that the question is important to the administration of IDEA programs and services in Maine, and that is exactly why the Maine Supreme Judicial Court, and not this court, should decide the state law question. See Fortin v. Titcomb, 671 F.3d 63, 71 (1st Cir. 2012) (certifying where “the choice between these two paths [was] a matter of state policy best left to the state’s courts”), certified question answered, 60 A.3d 765 (Me. 2013). In my view, the conditions for certification have been met. See Darney v. Dragon Prods. Co., LLC, 994 A.2d 804, 806 (Me. 2010). *117 And here, we would benefit from certifying a question to the Maine Supreme Judicial Court, as we have in the past. See, e.g., Fortin, 671 F.3d at 64.[23]
APPENDIX
This appendix lists the above-referenced provisions of the Maine Administrative Procedure Act, the formal title of each provision, and a brief description of each provision’s relevant content.
Section 8052. “Rulemaking” — Sets forth the general process for agency adoption of a rule, which includes the requirements that an agency provide notice, hold a public hearing in certain circumstances, and adopt a written statement addressing submitted comments. See Me. Rev. Stat. Ann. tit. 5, § 8052.
Section 8053. “Notice” — Sets forth specific notice requirements, including necessary content and prescribed methods of publication. See id. § 8053.
Section 8054. “Emergency rulemak-ing” — Sets forth the process for agency adoption of an emergency rule, as opposed to an emergency major substantive rule. See id. § 8054. For a description of the provision concerning emergency major substantive rulemaking, see infra section 8073.
Section 8056. “Filing and publication” — Sets forth the agency requirements for submitting an adopted rule to the Maine Secretary of State for approval and publication. See id. § 8056.
Section 8057. “Compliance” — Explains that rules not adopted in accordance with certain parts of sections 8052 and 8056, or with sections 8053 and 8054 are “void and of no legal effect, except that insubstantial deviations from the requirements of section 8053 do not invalidate the rule.” Id. § 8057.1-.2.
Section 8058. “Judicial review of rules.” — Sets forth the review standards for different types of MAPA violations, requiring automatic invalidation if the rule exceeds the agency’s rulemaking authority or if the rule is void under section 8057, and requiring the courts to apply a harmless error review to “any other procedural error.” Id. § 8058.1.
Section 8071. “Legislative review of certain agency rules” — Defines “major substantive rules” and subjects such rules to legislative review in accordance with the procedures set forth in section 8072. See id. § 8071.
Section 8072. “Legislative review of major substantive rules” — Sets forth the procedures for legislative review of major substantive rules and mandates that such rules have “legal effect only after review by the Legislature followed by final adoption by the agency.” Id. § 8072.1.
Section 8073. “Emergency major substantive rules” — Sets forth the process for agency adoption of an emergency major substantive rule, and allows, in some circumstances, for such rules to “be effective for up to 12 months or until the Legislature has completed review.” Id. § 8073.

. As the majority notes, the district court may employ a method to have the state courts address the state law questions when it deems the record sufficiently developed.
I also think that on remand the FAPE question may be answered as to the ninth and tenth grade years before addressing the question about whether the claim was timely made as a matter of Maine law. That is, if the district court finds that FAPE was provided as to those years, that would end the lawsuit.