**Herbert W. HOCHE**

v.

**Jennie A. HOCHE.**

Supreme Judicial Court of Maine.

Argued June 9, 1989.

Decided July 6, 1989.

Stephen W. Hanscom (orally), Collins, Crandall, Hanscom & Pease, Rockland, for plaintiff.

Joseph M. Cloutier, William H. Welte (orally), Joseph Cloutier & Associates, Rockport, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

HORNBY, Justice.

This case raises questions concerning the termination and dissolution of a joint venture between a mother and an adult son to purchase, renovate and rent real estate in Eastport. The books of account they kept on this family business were less than adequate. Given the limitations in the evidentiary materials, we find that the Superior Court (Knox County, *Silsby, J.*) was not clearly erroneous in the accounting it rendered and therefore affirm.

The joint venture was dissolved in 1983 and suit was commenced in 1984, but the only evidence of the joint venture's asset value (real estate) was a 1987 appraisal. The 1987 appraised value was stipulated by the parties. The Superior Court based its accounting upon this appraised value and upon the net income of the real estate (gross rental income less expenses) from 1983 until July 1, 1988.

## DEPRECIATION

■ The defendant challenges the Superior Court's failure to include depreciation in its calculation of the net rental income. That argument might carry some weight if the Superior Court in 1988 were making a distribution based upon a 1983 appraised value. Here, however, the basis of the accounting was the 1987 appraised value, a date closely proximate to the time of the accounting. There was therefore no reason for the Superior Court to include depreciation. Instead, given its use of 1987 market values, it was entirely appropriate for the court not to consider depreciation in allocating the net income received from 1983 onwards.

## VALUE ENHANCEMENT

■ The defendant argues that the Superior Court improperly failed to consider amounts she had invested in the erstwhile joint venture property following the 1983 dissolution. She testified to a varying range of contributions that she made to the properties, but did not clearly distinguish between maintenance and capital improvements. The Superior Court was not compelled to believe this testimony. Moreover, there was no testimony concerning her contributions' impact on the market value of the respective properties. The defendant was not entitled to consideration of the amounts she invested except to the extent they affected the market value. In addition, the plaintiff made investments in certain parcels of the joint venture's real estate in the post–1983 period. Under the uncertainty of the evidence we find that the Superior Court was not clearly erroneous in taking the stipulated 1987 appraised values and extrapolating them retroactively to 1983 without considering effects that may have been caused later by the mother's and son's respective individual contributions.

## BREACH OF WARRANTY

■ Part of the joint venture was that the son, who was neither a plumber nor

electrician, but a carpenter, would live in and improve the properties, most of which were substandard when purchased. The mother has counterclaimed against her son for breach of warranty of workmanlike performance. The Superior Court made two relevant findings: first, that various "members of the immediate family made contributions of time and labor for the benefit of the parties" and "the parties in fact and agreeable to each made a complete and proper division of profits and losses" prior to dissolution; second, an implicit finding that the ordinary standards of workmanlike performance did not apply because the lack of first class work "was owing to the limited budget and limited resources put into the work of buying old houses and renovating them and fixing them up adequately enough for rental." Because of the circumstances of limited skills, limited budget, general family participation and the equitable division of profit and losses we conclude that the court was not clearly erroneous in finding that the mother had not sustained her burden of proof on the counterclaim.

### RETURN OF PERSONAL PROPERTY TO THE SON

 The Superior Court ordered that the son could remove from certain pieces of real estate "any and all materials and supplies belonging to him." It found that he had left "certain building materials and supplies which seem to be undisputed in description" on these properties. On appeal, the mother maintains that in fact ownership of some of this personal property is disputed and that the judgment is therefore not adequately specific for enforcement. A motion in the Superior Court to amend or alter the judgment under M.R. Civ.P. 59(e) was the proper vehicle for curing the alleged ambiguity.

The entry is:

Judgment affirmed.

All concurring.