2008 ME 163

**Roger MEDEIKA et al.**

**v.**

**William WATTS, Trustee et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 2, 2008.

Decided: Oct. 23, 2008.

Robert Marks, Esq., Washington, ME, for Roger and Patricia Medeika.

Stephen W. Hanscom, Esq., Crandall, Hanscom & Collins, P.A., Rockland, ME, for William Watts, Trustee, and John Medeika.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Roger and Patricia Medeika appeal from a judgment of the Superior Court (Knox County, *Wheeler, J.*) locating the position of a driveway and finding that neither William Watts nor John Medeika was liable for common law trespass or statutory trespass pursuant to 14 M.R.S. § 7552 (2007). Roger and Patricia argue that the court erred in: (1) failing to find common law trespass and statutory trespass; (2) failing to address their request for an injunction; and (3) denying their motions to clarify and amend the judgment. We vacate the judgment in part and remand for a redetermination of the plaintiffs' claim of common law trespass and for clarification of the declaratory judgment.

[¶ 2] In 1959, the parents of Roger and John acquired the land now known as 34 Medeika Lane in the Town of Washington. Shortly after the acquisition of the land, the elder Medeikas built a cottage with a driveway, which connected to a right-of-way called Medeika Lane. Today, the Conn Asset Preservation Trust (the Trust) owns 34 Medeika Lane. William Watts is the professional trustee of the Trust, and John resides on the property.

[¶ 3] Between 1999 and 2002, John completely rebuilt the original cottage and rebuilt and graveled the driveway. John's brother Roger lives on an abutting parcel at 33 Medeika Lane with his wife Patricia. Roger alleges that John changed the orientation of the driveway, cut down trees on the 33 Medeika Lane property, and also put gravel onto the property when he rebuilt the driveway. Furthermore, he alleges that John's new gravel driveway now cuts across his land. John contends that he merely graveled the existing driveway without changing its location.

[¶ 4] Roger and Patricia filed a multicount complaint alleging common law trespass and statutory trespass pursuant to 14 M.R.S. § 7552 against John and Watts as trustee of the Trust.[1] Roger and Patricia requested, among other forms of relief, an award of damages and an injunction requiring the removal of the gravel driveway and remediation of the grounds. John and Watts filed an answer along with a counterclaim, seeking, among other claims, a declaratory judgment regarding the rights, status, and other legal relations involving the driveway, including a determination of whether the Trust owned the land in fee simple or by adverse possession, or held a prescriptive easement. After a bench trial held in March 2007, the court issued its

---

**1.** The complaint also alleged negligent and intentional infliction of emotional distress, but these claims were dismissed at trial.

judgment in January 2008, finding that Roger and Patricia had not proven their claim for either common law or statutory trespass because they failed to offer any evidence about the value and location of the trees that were removed to accommodate the gravel driveway. The court also stated in a footnote that there was "no evidence of any damages whatsoever under either theory." Additionally, on the declaratory judgment counterclaim, the court found that the driveway should be "located consistent with the testimony of Eliot B. Thayer, Surveyor, and as shown within the solid red lines but outside of the parallel red lines" as shown on a survey prepared by Thayer and admitted at trial.

[¶ 5] First, we address Roger and Patricia's claim that the court erred as a matter of law in suggesting that damages are an essential element of the trespass claims. We review questions of law de novo. *Royal Ins. Co. v. Pinette*, 2000 ME 155, ¶ 4, 756 A.2d 520, 523. A person is liable for common law trespass "irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally enters land in the possession of the other, or causes a thing or a third person to do so." Restatement (Second) of Torts § 158(a) (1965). Because this definition would encompass graveling the land of another, we agree with Roger and Patricia that the court erred in suggesting that they would have to prove something more than this in order to prevail on their common law trespass claim. However, because it is not clear from the language of the judgment what exactly the court found to be the fatal flaw in Roger and Patricia's claim, we remand for a redetermination of the common law trespass claim consistent with the defini-

tion described herein. Furthermore, if on remand the court does find that common law trespass was, or is, being committed, it must address the issue of nominal damages, *see Gaffny v. Reid,* 628 A.2d 155, 158 (Me.1993) (stating that "[s]ome damage is presumed to flow from a legal injury to a real property right" and finding that the injured party was entitled to nominal damages), and Roger and Patricia's request for an injunction to prevent ongoing trespass.

[¶ 6] In contrast, 14 M.R.S. § 7552(2)(A),[2] does enumerate specific harm that must be proved as an element of statutory trespass, and the court did not err in finding that Roger and Patricia failed to prove this claim.

[¶ 7] Lastly, we agree with Roger and Patricia that this case must be remanded to clarify the court's findings. We review a trial court's denial of motions to clarify and amend for abuse of discretion. *See Madore v. Me. Land Use Regulation Comm'n,* 1998 ME 178, ¶ 15, 715 A.2d 157, 161; *Hoche v. Hoche,* 560 A.2d 1086, 1088 (Me.1989) (explaining that a motion to amend or alter the judgment is "the proper vehicle for curing [ ] alleged ambiguit[ies]" in a judgment). As indicated by plaintiffs' post-judgment motions to clarify and amend and the defendants' response, the judgment's references to (a) the "solid red lines" and "parallel red lines" that were hand-drawn onto a copy of the Thayer survey during the trial, and (b) Thayer's trial testimony in general, left both parties confused as to the meaning of the judgment. Under these circumstances, it was an abuse of discretion to not clarify the judgment. On remand, the court should issue a declaratory judgment that (1) expressly states whether the current driveway is on Roger and Patricia's

---

**2.** Title 14 M.R.S. § 7552(2)(A) (2007) states that "[w]ithout permission of the owner a person may not: Cut down, destroy, damage, or carry away any forest product, ornamental or fruit tree, agricultural product, stones, gravel, ore, goods or property of any kind from land not that person's own."

land and if so, whether it must be removed, and (2) describes the location of where the driveway should be located on the earth with enough precision so that it can be recorded properly in a deed.[3] *See Lisbon Sch. Comm. v. Lisbon Educ. Ass'n,* 438 A.2d 239, 245 (Me.1981) (stating that "a judgment must be sufficiently clear and definite so that it is susceptible of enforcement, and those called upon to understand and obey it must not be misled.").

The entry is:

Judgment vacated in part. Remanded for a redetermination of the plaintiffs' claim of common law trespass and clarification of declaratory judgment. The court's judgment regarding the statutory trespass claim is affirmed.

3. Despite Roger and Patricia's contention on appeal, a court issuing a declaratory judgment in a land dispute may make reference to a survey, even though it is a document contained outside of the "four corners of the mandate."