STATE OF MAINE                          SUPERIOR COURT
Androscoggin, ss.                       Auburn
                                        Civil Action 12 43
                                        MGK-AND-8/6/2013


Roger Brown                )
Diane Brown                )
                           )
        Plaintiffs         )            DECISION
                           )            AND
    V.                     )            ORDER
                           )
Carol Anne Sawyer          )
Gregory Merrill            )
        And                )
Central Maine Power Co.    )
                           )
        Defendants         )


A trial in this property dispute took place in Androscoggin County
Superior Court on July 15, 2013. The plaintiffs, Roger Brown and Diane
Brown, were represented by Paul Murphy, Esq. and the defendants,
Carol Anne Sawyer and Gregory Merrill were represented by Stephean C.
Chute. The defendant Central Maine Power Company was represented by
Kenneth Farber, Esq. and timely filed responsive pleadings and
affirmative defenses, but did not participate at trial.

In previous litigation between the parties, docketed as AUBSC-RE-09-72,
this Court after trial issued a judgment dated March 31, 2011 in which it
found and determined the common boundary as between the parties.

In this litigation, the Court denied Defendant Sawyer's motion to dismiss
the complaint by order of June 28, 2012.[1] It held that the trespasses
alleged occurred after the commencement of the complaint in RE-09-72
and were thus not compulsory counterclaims within the prior case and
were not barred by res judicata. The Court by further order of May 21,
2013 denied the Plaintiffs' motion to dismiss the counterclaim for
adverse possession and accordingly it was ripe for trial.

---

[1] The Court dismissed, as a compulsory counterclaim within the same nucleus of facts,
an act of trespass which occurred on May 18, 2009, the period prior to the filing of the
complaint in AURE-09-72.

1

At the commencement of trial, Defendant Sawyer moved to amend the pleadings to conform to the evidence to be tried before this Court for a count for declaratory judgment based upon the claim of prescriptive easement with respect to the maintenance of the utility pole and utility lines which service the property of the Defendant Sawyer.

The Plaintiffs and Defendant Sawyer stipulated to the respective chains of title as accepted within the record within the prior case, RE-09-72.

The Plaintiffs brought a four count complaint in common law trespass variously against Carole Anne Sawyer, Gregory Merrill, and Central Maine Power Company. Count I pleads trespass against Defendant Sawyer for various acts of trespass upon the Plaintiffs' property including parking of certain vehicles upon the Plaintiffs' property and damage to a certain fence. Count II of the Plaintiffs' Complaint avers acts of trespass against Defendant Merrill similar to the claims in Count I. The Plaintiffs plead Count III against Central Maine Power for installation and maintenance of a utility pole upon the land of the Browns. In Count IV, the Plaintiffs similarly plead a cause of action against Defendant Sawyer in common law trespass for maintenance of certain utility lines which run from the utility pole as alleged in Count III, over the land and underground to serve Defendant Sawyer's property.

Analysis

The Law Court has adopted the Restatement's definition of common law trespass, which this Court will apply as well: "A person is liable for common law trespass irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally enters land in the possession of the other . . . ." *Medeika v. Watts*, 2008 ME 163, ¶ 5, 957 A.2d 980 (citing RESTATEMENT (SECOND) OF TORTS § 158(a) (1965)).

The Court further takes judicial notice of the prior Decision and Order dated March 31, 2011 issued by this Court within RE-09-72 which rendered a decision in favor of the instant Plaintiffs in establishing a common boundary. The Court may take judicial notice of a fact that is "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." M.R. Evid. 201(b). "Such matters include, among others, the prior pleadings filed in the same court in an action related to the cause pending before the court." *Union Mut. Fire Ins. Co. v. Inhabitants of the Town of Topsham*, 441 A.2d 1012, 1016 (Me.1982).

2

The Court makes the following findings of fact and conclusions of law with respect to the claims of trespass upon the Plaintiffs' property as plead within the Plaintiffs' four count complaint.

With respect to Counts I and II, the Court finds that based upon the testimony of the instant Plaintiffs within the prior case and testimony of Defendant Sawyer, it is undisputed that the Defendants Sawyer and Merrill had parked or allowed to be placed or parked certain vehicles upon land, which based upon the prior ruling in RE-09-72 was known and understood by the Defendants to be the Plaintiffs' rightful land.

These acts constitute trespass under the Restatement approach used by this Court. *See Medeika v. Watts*, 2008 ME 163, ¶ 5, 957 A.2d 980 (citing RESTATEMENT (SECOND) OF TORTS § 158(a) (1965)). And, "[s]ome damage is presumed to flow from a legal injury to a real property right." *Gaffny v. Reid*, 628 A.2d 155, 158 (Me.1993) (finding that the injured party was entitled to nominal damages); *Medeika*, 2008 ME 163, ¶ 5, 957 A.2d 980 (instructing trial court on remand to consider issue of nominal damages).

Accordingly, the Court finds for the Plaintiffs on Counts I and II for trespass with respect to automobiles or vehicles parked or allowed to be placed or parked upon Plaintiffs' land, and orders that the Defendants, Carol Anne Sawyer and Gregory Merrill, are jointly liable in the amount of one dollar to the Plaintiffs.

After consideration of the testimony taken in evidence, the exhibits admitted and prior record taken within the trial docketed RE-09-72, the Court finds no evidence to support the Plaintiffs' allegations that Defendants Sawyer and Merrill damaged or caused to be damaged a certain "cedar fence" as erected upon the land of the Plaintiffs. The allegations with respect to damage to the cedar fence at ¶ 6(d) and ¶11 of Plaintiffs' Complaint is therefore dismissed.

With respect to the allegation of the removal of the chain link as plead at ¶ 10 of Plaintiffs' Complaint, the Court finds sufficient evidence in the admission of Defendant Merrill, within the prior trial docketed RE-09-72, and testimony of Roger Brown that a trespass was committed upon the real property of the Plaintiffs in the removal and damage to the chain link fence as plead by the Plaintiffs. The Court finds that the damages were not nominal, and absent countervailing evidence of cost of repair or replacement, the Court finds that the Plaintiffs were damaged in the amount of $1,800.00 for cost of replacement and $500.00 for the cost of installation which Defendants Sawyer and Merrill are ordered to pay to the Plaintiffs.

3

The Plaintiffs had plead in Count III and Count IV of the Complaint that Defendant Central Maine Power Company and Defendant Sawyer, respectively, trespassed upon Plaintiffs' property in the installation and maintenance of a certain utility pole as identified upon the survey done by Kevin Cullenberg and admitted into evidence in RE-09-72, and by the installation and maintenance of certain utility lines which pass above and below the Plaintiffs' property as determined in RE-09-72.

The parties stipulated to the admission of Defendant's Exhibit 5, a grant of easement to Central Maine Power Company, recorded in the Androscoggin County Registry of Deeds in Book 763, Page 567, on July 24, 1957 for the installation and maintenance of utilities serving Defendant Sawyer's predecessors in title. *See* Sawyer Chain of Title: RE-09-72.

Defendant Central Maine Power Company raised, *inter alia,* prescriptive easement as an affirmative defense to Count III for trespass as plead in the Complaint. Additionally, the Court grants Defendant Sawyer's motion to amend the pleadings to comport with the evidence at trial for a declaratory judgment with respect to a claim of prescriptive easement for the installation and maintenance of the utility pole and installation and maintenance of utility lines which pass above and below the Plaintiffs' real property. *See* M.R. Civ. P. Rule 15(b); *Jordan v. Shea,* 2002 ME 36, 791 A.2d 116.

The statutory requirement for establishing a prescriptive easement provides in relevant part that "[n]o person, class of persons or the public shall acquire a right-of-way or other easement through, in, upon or over the land of another by the adverse use and enjoyment thereof, unless it is continued uninterruptedly for 20 years." 14 M.R.S.A. § 812 (2009); *Sandmaier v. Tahoe Dev. Group, Inc.,* 2005 ME 126, ¶ 5, 887 A.2d 517.

The Law Court has further stated that a prescriptive easement is established upon proof of (1) continuous use of the servient estate (2) for at least twenty years, (3) under a claim of right adverse to the owner of the servient estate, and (4) with either the knowledge and acquiescence of the owner of the servient estate, or (5) a use so open, notorious, visible and uninterrupted that knowledge and acquiescence will be presumed. *Eaton v. Town of Wells,* 2000 ME 176, ¶ 32, 760 A.2d 232.

The Court finds that based upon the easement deed recorded within the Registry of Deeds in 1957, as stipulated by the parties, the utility pole and utility services have, as a matter of law, been in continuous use for more than the prescriptive period of twenty years. The record reflects within the Cullenberg Survey and photographic evidence dating back to

4

at least 1990, being admitted as Defendant's Exhibit 6 D-1, that the utility pole and utility services are so open, notorious, visible and uninterrupted from this period (1957) that knowledge and acquiescence of the Plaintiffs and their predecessors in title will be presumed.

The Court therefore finds upon the preponderance of the evidence for Defendant Sawyer, that the use of the utility pole and utility lines, being maintained over the land and below the ground, have ripened by prescription to a dominant estate over the servient estate of the Plaintiffs' property which is an appurtenance to the real property of Defendant Sawyer as stipulated to the defendant's title.

The Court therefore finds for Defendant Sawyer upon her amended counterclaim for prescriptive easement and dismisses Count III and Count IV of Plaintiffs' Complaint.

Defendant Sawyer, counterclaimed under common law adverse possession, which the Court allowed to be tried. The well settled elements as recited by the Law Court are:
> [T]hat possession and use of the property was (1) actual; (2) open; (3) visible; (4) notorious; (5) hostile; (6) under a claim of right; (7) continuous; (8) exclusive; and (9) for a duration exceeding the twenty-year limitations period.

*Weinstein v. Hurlbert*, 2012 ME 84, ¶ 8, 45 A.3d 743.

While Defendant Sawyer and her predecessors in title may tack the limitations periods, *Martin v. Jordan*, 117 Me. 574, 105 A. 104, (Me. 1918), the Court finds upon the preponderance of evidence, and as a matter of law, that Defendant Sawyer failed to prove possession of the Plaintiffs' land by means more than the mowing and maintaining of the parcel contested. "The 'notorious' and 'hostile' elements of adverse possession require more. Seasonal grass mowing is not enough." *Weinstein*, 2012 ME 84, ¶ 8, 45 A.3d 743.

The Court therefore finds that Defendant Sawyer has failed to prove possession over the disputed areas for the requisite periods and therefore the counterclaim for adverse possession is dismissed.

5

ORDER:

Pursuant to M.R. Civ. P 79(a), the clerk is directed to enter this Order on the civil docket by notation. The Order is:

Judgment for the Plaintiff in part as announced above for Count I and Count II; Judgment for Defendants on Count III and Count IV and it is ordered that Count III and Count IV of Plaintiffs' Complaint are dismissed; Defendant's Counterclaim for adverse possession is dismissed; Judgment for defendant, Carol Anne Sawyer on the declaratory judgment claim of prescriptive easement with respect to the utility pole and utility lines.

Dated this 6 day of August 2013

_____
Justice Marygay Kennedy
Superior Court

ROGER BROWN - PLAINTIFF

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No AUBSC-RE-2012-00043

DOCKET RECORD

Attorney for: ROGER BROWN
PAUL MURPHY - RETAINED 03/30/2012
MURPHY & COYNE
PO BOX 1312
LEWISTON ME 04243-1312

DIANE BROWN - PLAINTIFF

Attorney for: DIANE BROWN
PAUL MURPHY - RETAINED 03/30/2012
MURPHY & COYNE
PO BOX 1312
LEWISTON ME 04243-1312


vs
CAROL SAWYER - DEFENDANT

Attorney for: CAROL SAWYER
STEPHEAN C CHUTE - RETAINED 04/09/2012
LAW OFFICE OF STEPHEAN CHUTE
PO BOX 707

SOUTH CASCO ME 04077

GREGORY MERRILL - DEFENDANT

Attorney for: GREGORY MERRILL
STEPHEAN C CHUTE - RETAINED 04/09/2012
LAW OFFICE OF STEPHEAN CHUTE
PO BOX 707

SOUTH CASCO ME 04077

CENTRAL MAINE POWER COMPANY - DEFENDANT

Attorney for: CENTRAL MAINE POWER COMPANY
KENNETH FARBER - RETAINED 04/13/2012
CENTRAL MAINE POWER
83 EDISON DRIVE

AUGUSTA ME 04336


Filing Document: COMPLAINT                    Minor Case Type: TRESPASS
Filing Date: 03/30/2012

## Docket Events:

03/30/2012 FILING DOCUMENT - COMPLAINT FILED ON 03/30/2012

03/30/2012 Party(s): ROGER BROWN
           ATTORNEY - RETAINED ENTERED ON 03/30/2012
           Plaintiff's Attorney: PAUL MURPHY