STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-299

MARGARET BIRLEM and NOELLE
DELUCA,

        Plaintiffs

    v.

CHRISTOPHER MUNZ and JULIE
MUNZ and SOUTH AND
STEPHENSON STREETS ROAD
ASSOCIATION,

        Defendants

ORDER ON MOTIONS
TO DISMISS

Before the court is defendants/counterclaim plaintiffs Christopher Munz, Julie Munz, and South and Stephenson Streets Road Association's motion to dismiss the amended complaint and plaintiffs/counterclaim defendants Margaret Birlem and Noelle Deluca's motion to dismiss counterclaim counts II-VI. For the following reasons, defendants' motion to dismiss is denied as to all counts of the amended complaint. Plaintiffs' motion to dismiss is denied as to counts II, III, and IV, and granted as to counts V and VI of the counterclaim.

STANDARD OF REVIEW

On a motion to dismiss, the complaint must be read "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Bean v. Cummings, 2008 ME 18, ¶ 7, 939 A.2d 676. Generally, only the facts alleged in the complaint may be considered and must be assumed as true. Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 8, 843 A.2d 43.

1

REC'D CUMB CLERKS OFC
MAR 8 '19 AM10:14

Dismissal is appropriate only when it appears "beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." Id. at ¶ 7 (citation omitted).

PROCEDURAL HISTORY

Plaintiffs commenced this action on June 29, 2018 and filed the amended complaint on September 6, 2018. On October 12, 2018, defendants Munzes filed their answer, counterclaim, and motion to dismiss the amended complaint. In their answer filed November 1, 2018, plaintiffs moved to dismiss counterclaim counts II-VI. On November 2, 2018, Christopher Munz, in his capacity as Commissioner of the defendant unincorporated South and Stephenson Streets Road Association, filed an answer on behalf of defendant Association and joined in defendants Munzes' motion to dismiss.

DISCUSSION

I.     Defendants' Motion to Dismiss Amended Complaint

Plaintiffs Margaret Birlem and Noelle Deluca own property on South Street in Cape Elizabeth, Maine. Defendants Christopher and Julie Munz own property at 5 South Street, Cape Elizabeth, Maine. Defendant South and Stephenson Streets Road Association was organized on or about August 31, 2018 pursuant to 23 M.R.S. §§ 3101 et seq. Defendant Christopher Munz is the Commissioner of the Road Association.

On May 15, 2018, plaintiffs' application for a private road extension was approved and they removed a gate within the right of way in front of plaintiffs' property. On June 23, 2018, defendants Munzes restored the gate. On June 25, 2018, plaintiffs removed the gate again. On August 31, 2018, defendant Road Association voted to reinstall the gate.

In count I of the amended complaint, plaintiffs seek a declaratory judgment that they have a private right of unimpeded access over all streets shown on a plan dated 1925 and recorded in

2

the Cumberland County Registry of Deeds, including the entirety of the right of way up to Aster Lane; that the gate proposed by defendant Road Association is unlawful; and that defendants Munzes may not impede in any way access to plaintiffs' property. In count II, plaintiffs seek a declaration that the Road Association does not have authority to install the proposed gate; that the installation of a gate does not constitute "repairs and maintenance" as that term is used in the Private Ways Statute, 23 M.R.S. §§ 3101 et seq.; and that the plaintiffs do not benefit from the installation of the gate. In count III, plaintiffs seek a declaration that installation of the gate constitutes a trespass.

A. Defendants' Motion to Dismiss all Counts against the Road Association

Defendants move to dismiss all claims against the South and Stephenson Streets Road Association pursuant to pursuant to Rules 12(b)(1) and 12(b)(2), for lack of subject matter and personal jurisdiction; Rule 12(b)(4), insufficiency of process; and Rule 12(b)(5), insufficiency of service of process. M.R. Civ. P. 12(b)(1), (b)(2), (b)(4), (b)(5). Defendants claim that as an unincorporated road association, defendant Road Association has no capacity to be sued.

"Generally, an unincorporated association does not have capacity to sue or be sued in its own name, absent specific statutory authorization." Tisdale v. Rawson, 2003 ME 68, ¶ 15, 822 A.2d 1136. Unincorporated road associations are governed by the Private Ways Statute, which does not grant unincorporated road associations the capacity to be sued. 23 M.R.S. § 3101 (2018). The Declaratory Judgments Act, however, includes "unincorporated association or society" in the definition of persons with capacity to be sued when declaratory relief is sought, thereby providing statutory authority for defendant Road Association to be sued. 14 M.R.S. §§ 5952, 5963 (2018).

With regard to count III, trespass, defendant Road Association does not have capacity to be sued in its own name. See Tisdale v. Rawson, 2003 ME 68, ¶ 15, 822 A.2d 1136. In Tisdale,

3

the Law Court found the commissioner of an unincorporated road association could properly be substituted for the road association as plaintiff pursuant to Rule 17(a). Tisdale, 2003 ME 68, ¶¶ 15-17, 822 A.2d 1136; M.R. Civ. P. 17(a); see also 23 M.R.S. §§ 3101(7), 3101(9) (2018) (listing causes of action from which commissioners are immune from suit but not listing trespass). Plaintiffs' counsel does not object to substituting defendant Christopher Munz in his capacity as Commissioner of the Road Association for the Road Association for count III. (Pls.' Opp. Mot. Dismiss 2.) With that substitution, defendants' motion to dismiss count III as to the Road Association is denied.

B. Defendants' Motion to Dismiss Count II (Declaratory Judgment/Road Association Authority)

Plaintiffs seek a declaration that Maine's Private Ways Statute does not grant defendant Road Association the authority to install the proposed gate; that the installation of a gate does not constitute "repairs and maintenance" as that term is used in the Private Ways Statute, and that the plaintiffs do not benefit from the installation of the gate. 33 M.R.S. §§ 3101 et seq. Assuming all allegations as true, plaintiffs have stated a claim against defendants for a declaratory judgment.

C. Defendants' Motion to Dismiss Count III (Trespass)

Plaintiffs allege that the proposed installation of the gate constitutes trespass because defendants, with no right or authority, plan to install a gate on plaintiffs' property. Common law trespass occurs when a person "intentionally enters land in the possession of the other, or causes a thing or a third person to do so." Medeika v. Watts, 2008 ME 163, ¶ 5, 957 A.2d 980. Assuming plaintiffs' allegations as true, plaintiffs have stated a claim for trespass.

II. Plaintiffs' Motion to Dismiss Defendants' Counterclaims

In count I of their counterclaim, defendants seek a declaratory judgment that they have the right to maintain the gate and that plaintiffs have no right to remove the gate. In count II,

4

defendants also allege common law trespass. In count III, defendants allege statutory trespass. 14 M.R.S § 7551-B (2018). In count IV, defendants allege statutory injury to the gate as a mark. 14 M.R.S. § 7552 (2018). In counts V and VI, defendants allege plaintiffs discriminated against the Munzes' son in violation of the Maine Human Rights Act and the Americans with Disabilities Act.

    a.   Plaintiffs' Motion to Dismiss Counts II and III (Common Law and Statutory Trespass)

Defendants claim they have rights in the private way on which defendant Munzes' property is located and plaintiffs' removal of the gate constitutes common law and statutory trespass. Statutory trespass assigns liability to "a person who intentionally enters the land of another without permission and causes damage to property." 14 M.R.S. § 7551-B; see also Medeika, 2008 ME 163, ¶ 5, 957 A.2d 980. Assuming defendants' allegations are true, defendants have stated a cause of action for common law and statutory trespass.

    b.   Plaintiffs' Motion to Dismiss Count IV (14 M.R.S. § 7552)

Defendants claim plaintiffs have violated section 7552, which states, "[w]ithout the permission of the owner, a person may not "disturb, remove or destroy any lawfully established . . . reference point, . . . bench mark, . . . or other monument of any railroad, highway, public utility or other engineering location . . . marking the bounds of public or private property." 14 M.R.S. § 7552(2) (2018). Defendants claim plaintiffs removed the gate, which serves as a mark between the public road and the private way, and defendants claim rights in the private way. Assuming defendants' allegations are true, defendants have stated a cause of action for violation of section 7552.

5

c. Plaintiffs' Motion to Dismiss Counts V and VI (Maine Human Rights Act and Americans with Disabilities Act)

In counts V and VI, defendants allege plaintiffs knowingly and discriminatorily compromised the safety of defendants Munzes' son in violation of the Maine Human Rights Act and the Americans with Disabilities Act. Title III of the ADA, and corresponding subchapter V of the Maine Human Rights Act, prohibits discrimination against disabled individuals in any place of public accommodation. 42 U.S.C. § 12182(a) (2018); 5 M.R.S. §§ 4591 et seq. (2018). Liability is imposed upon "any person who owns, leases (or leases to), or operates a place of public accommodation" that discriminates against an individual on the basis of disability. 42 U.S.C. § 12182(a); see also 5 M.R.S. § 4592 ("any person who is the owner, lessor, lessee, proprietor, operator, manager, superintendent, agent or employee of any place of public accommodation to directly or indirectly . . . discriminate against . . . any person on account of . . . physical or mental disability"); 5 M.R.S. § 4553(8) & 42 U.S.C. § 12181(7) (places of public accommodation).

Defendants argue that Aster Lane is a public way and rely on a federal case, in which the court concluded that the ADA applies to public sidewalks. Barden v. City of Sacramento, 292 F.3d 1073, 1076 (9th Cir. 2002). Defendants do not allege, however, that plaintiffs have the required relationship to Aster Lane that could make them liable for any discrimination. See Dudley v. Hannaford Bros. Co., 333 F.3d 299, 307 (1st Cir. 2003). Defendants failed to state a claim upon which relief could be granted under the MHRA or the ADA.

The entry is

> Plaintiffs' Motion to Dismiss is DENIED as to Counts II, III, IV and GRANTED as to Counts V and VI of Defendants' Counterclaim. Counts V and VI of Defendants' Counterclaim are DISMISSED.
>
> Christopher Munz in his capacity as Commissioner of the South and Stephenson Streets Road Association is substituted for South and Stephenson Streets Road Association as Defendant in Count III.

Defendants' Motion to Dismiss Counts I, II, and III of Plaintiffs'
Amended Complaint is DENIED.

Date: March 6, 2019

Nancy Mills
Justice, Superior Court

CUM-CV-18-299

Entered on the Docket: 3-6-7-9